In the Matter of the Claim of JOHN FRANKLIN, Respondent, against HINKLE IRON COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM. The delay in perfecting appeals by employers and carriers often occurs we are satisfied more through a desire to await the favorable development of some fortuitous circumstance rather than reliance on a controlling legal principle which would cause reversal. This may or may not be such a case. At any rate there has been inexcusable delay. The Workmen's Compensation Law is intended to furnish somewhat summary relief to workmen who sustain accidental injuries which arise out of and in the course of their employment. (Workmen's Compensation Law, § 23.)* To be effective within the purpose of the law the remedy should be given with such speed as may be reasonable without working injustice to any party. Attorneys representing employers and carriers should bring on appeals with dispatch or be exposed to the danger of having the appeals dismissed for failure to prosecute. Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ., concur. Motion denied.

In the Matter of the Claim of JOHN L. CALDWELL, Respondent, against R. H. RHINELANDER and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM. While the form of excuse for failure to give notice is defective, upon the record in the case we find it unnecessary to remit the claim. Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ., concur. Award affirmed, with costs to the State Industrial Board.

STATE INDUSTRIAL BOARD, Respondent.

---

* Amd. by Laws of 1928, chap. 754.— [REP.