HERCULES POWDER COMPANY, PROSECUTOR-APPELLANT, v. DORIS NIERATKO, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF MARTIN NIERATKO, DECEASED, RESPONDENT.

Argued October 23, 1934—Decided January 10, 1935.

For the appellant, *R. E. & A. D. Watson* and *Carl V. Vogt* (*Harold A. Price,* of counsel).

For the respondent, *David T. Wilentz* (*James F. Patten,* of counsel).

PER CURIAM.

We agree with the conclusion reached by the Supreme Court in this case and with the judgment entered therein. We are not, however, to be considered as giving assent to the *dictum* in the opinion filed in that court to the effect that sections 236-16 and 236-17 of the Workmen's Compensation act (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3879) requiring notice that the workman has received personal injuries are directory only and that the notice need not be in writing. The employer in the present case had actual knowledge of

an injury and acted thereon by the voluntary payment of compensation, and notice, whether oral or written, was not necessary to the validity of the judgment or to the disposition of the case.

Respecting the notice itself, it may well be that such notice was intended by the legislature to be in writing. While it is true that section 236-16 requires only that notice shall be given by some of the parties in interest, section 236-17 would seem to indicate its character. This section not only prescribes the manner of its service, but prescribes its form.

The obvious purpose of the notification is that the employer may in the absence of knowledge receive written notice that a claim is presented for an injury received by an employe in the course of employment while engaged in his work in a place and at a time designated in the notice. Being in writing, it becomes a permanent record as between the parties, definite in character; a record that can be preserved for future reference, thus avoiding controversy or dispute between the parties as to the information thus conveyed, and leaving nothing open as a subject of future misunderstanding. It is thus for the protection of both employer and employed.

Nor can we assume that this important requirement is directory merely and may be complied with or not as the claimant may choose. It would seem to be a condition precedent to the enforcement of any claim.

The character of the notice was not essential to the disposition of the present case in view of the actual knowledge of an injury possessed by the employer, nor is it essential to determine here. What is said above is in order that this court may not be understood as giving sanction to the interpretation of sections 236-16 and 236-17 as indicated in the opinion of the Supreme Court.

The judgment otherwise is affirmed, on the opinion below.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   12.

*For reversal*—None.