GENERAL CABLE CORPORATION, PROSECUTOR-APPELLANT, v. PETER LEVINS, RESPONDENT-APPELLEE.

Argued October 18, 1939—Decided January 25, 1940.

For the prosecutor-appellant, *Walscheid & Rosenkranz* (*J. Emil Walscheid,* of counsel).

For the respondent-appellee, *John E. Toolan.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment of the Supreme Court in a workmen's compensation case. That judgment affirmed the determination and judgment of the Middlesex County Court of Common Pleas and of the deputy commissioner who heard the case in the Compensation Bureau. It is not necessary to set out the facts in detail here. A comprehensive exposition of the facts and circumstances appears in the opinion of Mr. Justice Perskie (*Cf.* 122 *N. J. L.* 383).

The appellant argues this appeal under three headings, the substance of which is (1) the award was "improper" because of (a) failure to give employer the statutory notice of occurrence of the injury; (b) lack of actual knowledge in the

employer of the occurrence of the injury within ninety days thereafter. *R. S.* 34:15-17.

(2) The employer was prejudiced by employe's failure to give notice. (We shall not consider the argument made in support of this ground for reversal because this point was not included among those set down in the "reasons" for reversal filed in the Supreme Court. Since the appellant did not argue below that it was "prejudiced" by want of notice, that point may not now be entertained for the first time.)

(3) There is no evidence to support the finding that employer had actual knowledge of the occurrence of the injury.

It is conceded that the employe, Levins, did not give the statutory notice of accident or of the occurrence of injury to the employer. The disputed issue is therefore whether the employer had actual knowledge of the injury within the contemplation of the statute, *supra,* and within the ultimate of the time permitted by the same statute for obtaining such knowledge, *i. e.,* within ninety days after the "occurrence of the injury."

From the testimony, it is clear that on July 29th, 1935, Levins, while performing his appointed task for the appellant, struck his head on a beam in the plant. Apparently he thought nothing whatever about this incident. Immediately thereafter he had the sensation that there was "something in his left eye;" he wiped it a few times, then went to the "first aid" room on the premises, where the appellant's doctor is in charge to take care of just such matters. The testimony then is to the effect that a "foreign body" was removed from Levins' left eye. The examination of the eye was done with the aid of a "magnifying glass and a strong light." Thereafter, on September 23d, 1935, it was discovered by an eye specialist, to whom petitioner went, that the retina of each eye had become detached. The result is that petitioner is practically blind. Did the employer, in the light of these circumstances, have "actual knowledge of the occurrence of the injury?"

Now the Supreme Court found the facts. Each fact so found is permanently established here if any legitimate evi-

dence sustains the conclusion. The Supreme Court said, "What the employe did in this case was to apprise the employer through its physician on the day of the accident that he had sustained an injury. Both the deputy commissioner and the Court of Common Pleas so found. We, too, so find." It is argued that this is an illogical and unjustifiable conclusion— that the final disability was detached retina; that no actual knowledge of the occurrence of that *precise* injury was had by the employer; therefore no liability resulted. We think there is no real merit in this contention. The appellant, in its treatment of this proposition, argues that there were two happenings, namely, that Levins struck his head on a beam, which incident he failed to report to the doctor, and (2) that he got a cinder in his left eye, which incident he did report. This premise to the appellant's conclusion is not a reasonable appraisal of the facts. It was not suggested in the testimony of any witness but that the effect of Levins' striking his head on the beam was an eye discomfiture which he *thought* was a cinder in the eye. Neither untruthfulness nor fraud is imputed to the petitioner. He told Dr. Kovarsky, the plant doctor, just what was troubling him, namely, the eye condition; he didn't associate it with the slight "bump" on the head that he had within the hour; the doctor looked into his eye through his glass, aided by a strong light; the physician again saw him some days later and, upon inquiring about the eye, was told it was "about the same." Discomfiture from a speck in one's eye does not last for several days and ordinary caution demanded that the doctor examine the eye again on learning that it had not improved, which was not done. If further examination had been made the extent of the injury would have been discovered by the plant doctor or by any competent physician. A re-examination by the physician would reveal the precise injury and actual knowledge of its occurrence would have been his. Such knowledge which the exercise of normal caution would reveal is to be imputed to the doctor and, of course, to the appellant through him, its agent in these matters. Any other reasoning on this point would put a premium on carelessness. The appellant's agent, Dr. Kovarsky, was put on notice that the petitioner's injury

was something more than a dirt-speck in the eye when after several days the very slight and seemingly unimportant condition had not cleared up but was "about the same." What the appellant seeks to do is to separate the eye condition from the blow on the head, and as we have said, we do not think, under the evidence, that they are separable. That the employer had actual knowledge that an injury was suffered by Levins is, we think, beyond question. Injury as a fact necessarily connotes, indeed presupposes occurrence. This is elementary logic. There is no dispute here as to where, how or when this serious injury arose. The appellant rests its argument on the theory that in the absence of the statutory notice the substitute therefor, the "actual knowledge of the occurrence of the injury" which the employer must have, was not proved. We think it was. The meaning and intention of the statute is reasonably clear. There is nothing fanciful or abstruse about it. It is simply that the law requires, in fairness to the employer, that there be brought home to him the occurrence of an injury suffered by an employe. In the facts and circumstances here exhibited that requirement was performed. One thing more—knowledge, under the statute, of the occurrence of injury is the substitute for the statutory notice of such injury; and that knowledge need not be broader or more comprehensive in detail than that which is required for valid notice. Now a notice (the form is found in the statute—R. S. 34:15-18) need only inform the employer that a personal injury was received by an employe who was in the employ (stating the place) while engaged as (stating the kind of work) at a given time; and a variation from this is immaterial so long as the information imparted by the notice acquaints the employer with the fact that a named person in the employ suffered an injury in the course of his employment.

Our conclusion is that the employer, under the circumstances of the case, had actual knowledge of the occurrence of the injury within the requirements of the statute. The employer knew or was put on notice or inquiry as to all the elements of time, place and circumstance of the occurrence of the injury. If formal notice, under the statute, had been

served, details as to the extent of the injuries would not be required. Moreover, a valid notice would not have told the appellant any more than it already knew or was chargeable with knowing.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.