9 N.J. Super. 93 (1950)
75 A.2d 149
GEORGE HINZ, PETITIONER-RESPONDENT,
v.
WESTERN ELECTRIC COMPANY, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 24, 1950.
Decided August 2, 1950.
Before Judges McGEEHAN, COLIE and EASTWOOD.
*94 Mr. Arthur F. Mead argued the cause for appellant (Messrs. Cox & Walburg, attorneys).
Mr. Maurice Rosenstein argued the cause for respondent.
The opinion of the court was delivered by COLIE, J.A.D.
George Hinz filed a petition seeking compensation for an injury arising out of and in the course of his employment with Western Electric Company, Inc. On June 2, 1948, his work was to solder wires on a tube rectifier set. This required scraping the insulation and black enamel coating from the wires. On that date, he pricked with one of the wire strands, the little finger on his left hand. He thought little of the incident but that night it hurt and he bathed it in epsom salts and warm water. The following day he went to the supervisor and was sent to the nurse who put some salve on the finger. The day following he returned to the nurse and she sent him to the company hospital, where a doctor gave medication. The hand swelled up and the doctor at the company hospital told him to see his own physician which he did and was taken to St. Francis Hospital where he was confined for 12 days. The history given on entry to St. Francis Hospital recited "About 4 days ago patient got an infected finger. Two days later pain in left hand."
The petition filed by the petitioner stated specifically that on June 3rd he informed his employer of the injury which happened on June 2nd. The answer filed by the employer in the Workmen's Compensation Bureau set forth the following: "If you deny that compensation is payable in this case explain your reasons for this conclusion. On June 3, 1948, petitioner reported to the plant nurse complaining of soreness of his left little finger stating it was infected. A small furuncle was noted and treatment for it was furnished. He was given a leave of absence for two months while under the care of his own physician. Petitioner is presently employed and has no disability. Petitioner had no accident arising out of and in the course of employment." Aside from the medical testimony, the employer introduced but one witness, *95 a Mr. O'Brien, who testified that the petition in the compensation action was received by the company on September 21, 1948.
In this state of the evidence, the Deputy Director dismissed the case, stating that the petitioner had failed to sustain the burden of proving that the respondent received notice of the accident within 90 days. On appeal to the Hudson County Court, that court reversed and entered judgment allowing temporary disability and permanent disability at 30% of total of the injured finger, together with other incidental medical and legal expenses. Appellant urges that the injured employee did not sustain the burden of proving that the disability was the result of a compensable accident. We find no merit in this contention. It further argues that the workman has failed to meet the burden imposed upon him under R.S. 34:15-17 that "Unless knowledge be obtained, or notice given, within ninety days after the occurrence of the injury, no compensation shall be allowed." On this point the learned County Judge in his opinion said: "I think, however, that decision of this question of notice does not turn on the technical considerations mentioned but rather, aside from the merits or demerits of compliance under the facts established by the record, that it must be dealt with as a question of waiver. The subject of notice is nowhere mentioned or suggested in respondent's answer to the claim petition. The framing of the issue in a workmen's compensation case is not, of course, by way of pleading in the strict sense of the term, and it is plain that the affirmations, denials, responses and admissions by which the issue is arrived at must be liberally regarded. Nevertheless, the procedure set up for the presentation and defining of claims and defenses in cases of the kind must be understood as having some purpose, some design toward fixing the scope of the controversy that brings the parties into court. I think we may be sure, at least, that looseness or liberality is not to be carried to the extreme of providing a convenience for the working of undue and prejudicial surprise. In the face of definite claim allegations, silence ought to mean assent unless there is some other explanation for it. *96 For respondent's silence in the present instance there is none. Petitioner in his claim makes repeated and definite averments that he gave notice and in one of these he sets forth the date. All specific questions in the printed form that is provided for the making of answers to these averments, and the form used by this respondent, are left completely blank. Nor does the answer elsewhere suggest that the question of notice is in the case at all. Most significantly, it is not suggested even in the ostensibly comprehensive statement of respondent's grounds for denying compensation, as set forth beginning on line 37 of the answer. In short, respondent makes no mention of notice, either preliminary or upon the hearing. It was mentioned for the first time by the Deputy Commissioner after all the proofs were in."
In General Cable Corp. v. Levins, 124 N.J.L. 223 (E. & A. 1940), with reference to the requirement of notice to the employer the court said that the meaning and intention of the statute is clear, that it required in fairness to the employer that there be brought home to him the occurrence of an injury, and it then went on to point out that such notice need only inform the employer that a personal injury was received by an employee at the place of employment while working at a given time. In Hercules Powder Co. v. Nieratko, 114 N.J.L. 254 (E. & A. 1935), it was said that notification to the employer would seem to be a condition precedent to the enforcement of any claim, but we feel that there was a duty upon the employer by virtue of R.S. 34:15-52 to state in its answer the failure of the employee to give the notice called for by R.S. 34:15-17 and 18. Section 52 specifically provides that the answer shall "admit or deny the substantial averments of the petition, and shall state the contention of the defendant with reference to the matters in dispute as disclosed by the petition." In the instant case, the petition alleged the giving of notice and the employer's answer did not challenge that statement. In view of the mandatory language of R.S. 34:15-52 we hold that the employer has waived the defense of failure to give notice.
Judgment affirmed.