PHILIP D. GOLDSTEIN, PETITIONER-APPELLANT, v. CONTINENTAL BAKING CO., RESPONDENT-RESPONDENT.

Argued May 31, 1954—Decided June 14, 1954.

*Mr. Nathan Rabinowitz* argued the cause for appellant (*Mr. Isadore Rabinowitz* on the brief).

*Mr. John W. Taylor* argued the cause for respondent.

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J. The Appellate Division set aside a workmen's compensation award allowed by the Division of Workmen's Compensation and sustained by the Passaic County Court. The single ground of reversal was that the proofs did not show, as required by *R. S.* 34:15–17, that the respondent employer obtained knowledge, or was given notice, of the injury within 90 days after its occurrence. *Goldstein v. Continental Baking Co.*, 28 *N. J. Super.* 55 (1953). We allowed certification on the employee's petition, 14 *N. J.* 464 (1954).

Petitioner was employed as a baker's helper. He fed the ovens with pans of bread, approximately 720 pans every hour during a seven or eight hour day. In his words, "it's not just bending down, you have to make a complete twisting around motion; it goes around in a circle. See, you bend down, you grab your pan, then you place it in the oven three across. Then right after that there are another three coming and you have to dump those three out because those are all baked already. And then you have to quickly turn around and reach for the next one. You keep doing that all the way through."

Sometime during June or July 1951 he started feeling pain in his back and on August 31, 1951, while reaching down for a pan to feed the oven, he experienced a sudden sharp and severe pain in the lower part of his back and had to stop and rest a while. He did not go to work on the following day, September 1. He "thought maybe it might be a slight cold I was getting in my back," "I didn't take it serious enough," and did not consult a physican or say anything about it at the time to his supervisor, Mr. Pfizenmaier. He continued working after September 1 despite constantly

recurring twinges of pain suffered while working and even while lying down to sleep at night. He finally consulted his own physician, Dr. David Doktor, on October 10, 1951. The physician suspected "a ruptured intervertebral disc in the lumbar spine." It eventuated that the parties accepted at the hearing the diagnosis of respondent's consultant, Dr. Toufick Nicola, made over a year later, that in fact petitioner suffered a "lumbrosacral sprain associated with a facette syndrome. There is no clinical evidence of a disc injury."

Dr. Doktor prescribed a pain-relieving drug, tolserol, and advised rest, instructing petitioner to return if the pain persisted. Petitioner told him of "the bending and twisting he had to do" on his job and was given a note by the doctor, dated "10/10/51", reading:

"To whom it may concern:
"Philip Goldstein is under my care for back pain. He must not do any twisting, turning or bending in order for the condition to improve.
            D. Doktor, M.D."

The respondent produced the note at the hearing and it was marked in evidence by consent. The petitioner testified that he had delivered the note to his supervisor, Mr. Pfizenmaier, but did not fix the date of the delivery. Nor was there any testimony on behalf of the employer as to the delivery date.

The doctor's note does not contain the elements of a notice prescribed by R. S. 34:15–18, and we must therefore decide (1) whether the note sufficed to bring home to the employer the alternative under R. S. 34:15–17, namely, "actual knowledge of the occurrence of the injury," and (2) if the note did suffice as knowledge within statutory intendment, was it "knowledge obtained within ninety days"; the statute expressly provides that "Unless knowledge be obtained * * * within ninety days after the occurrence of the injury, no compensation shall be allowed."

The record makes it very clear that petitioner supplied his employer with all facts within his knowledge when he delivered the note to his supervisor. Neither untruthfulness nor fraud is imputed to him by the respondent, nor could there be upon our view of the facts. He did not associate his back pain with the lumbrosacral sprain he suffered on August 31; he felt the twinges in June and July and thought that the severe pain suffered while bending on August 31 was merely the result of a cold in his back. Even after first consulting Dr. Doktor on October 10 he did not identify his condition with the August 31 incident. Doubtless this was because his physician was not sure what was wrong and thought it best to try rest and pain-relieving drugs first, meanwhile avoiding any of the "twisting, turning or bending" that the job of baker's helper demanded.

We are of the opinion that in the circumstances shown the employer acquired from the note the "knowledge of the occurrence of the injury" made requisite by the statute. The contrary conclusion of the Appellate Division is based on reasoning that "No matter when the note may have been handed Pfizenmaier after October 10, there is nothing in it which suggests that petitioner's work was the cause of his condition; its language cannot be said to have communicated to the employer notice or knowledge that petitioner had suffered an injury arising out of and in the course of his employment. The back pain which the doctor was treating might have arisen from any one of a number of causes not connected with the employment. * * * Mere knowledge or notice of the fact that petitioner suffered from a pain in his back, without his employer knowing when, where or how it occurred, is not enough to satisfy the statutory requirement."

But in *Panchak v. Simmons Co.*, 15 *N. J.* 13, 19 (1954), decided several months after the filing of the opinion below, we pointed out that the employer's knowledge for the purpose of the statute must be determined in the light of his superior position to appreciate the significance

of facts of this nature coming to his attention, that "Employers may generally be charged with pertinent knowledge far superior to that of their employees; they are undoubtedly now aware that many industrial accidents may occur without external trauma and they must guide themselves accordingly." The test is not whether the employer is shown to have had positive knowledge within the 90-day period of the occurrence of a work-connected disability on a specified date; it is enough if he is shown to have received information within the statutory period sufficient to put him *on inquiry* as to all the elements of time, place and circumstances of the occurrence of the injury. *General Cable Corp. v. Levins,* 124 *N. J. L.* 223 (*E. & A.* 1940). Here, none knew better than the employer that petitioner's job demanded continuous twisting, turning and bending. Information from the employee's physician that because of back pain petitioner "must not do any twisting, turning or bending" was the plainest of signals that "a work-connected incident may be indicated and the employer may justly be expected to make suitable inquiry to ascertain whether there was an injury within the broad coverage of the Compensation Act. Sympathetic furtherance of the high objectives of the act and elemental fairness to the employee, dictate that, under the particular circumstances presented, the statutory provisions relating to knowledge be considered as having been satisfied." *Panchak v. Simmons Co., supra, p.* 19.

The petitioner was not to be expected to diagnose his own condition and be aware of the import of the pain suffered on August 31. It was not unreasonable for him to suspect a cold in the back and not to appreciate the true significance of the pain he suffered on that day. He is not to be denied compensation because it did not occur to him that it was work-connected, as it proved to be, and so did not report it at the time. If the statute were construed to require employees to report, and employers to investigate, every bruise or pain as it occurs on the chance that, how-

ever slight or fleeting, it might turn out to be work-connected, an undue burden would be placed upon employee and employer alike. *Panchak v. Simmons Co., supra.*

But for this employer the alarm sounded when it received the doctor's note mentioning back pain in relation to the nature of petitioner's work. It is only reasonable to expect that the connection of the two would prompt the employer to ask himself, Does this indicate a condition due to the job? A few simple questions put to the petitioner would unquestionably have elicited the very history obtained by the employer's physician a year later, "that on August 31, 1951, while bending over to put a pan of bread into the oven he suffered a sharp pain in the lower part of his back; since then he has had pain and disability in the lower part of his back." The discovery that the injury was work-connected would not then have been so long delayed.

What was in the note thus sufficed to alert the employer in the circumstances shown to the necessity for an inquiry, and hence constituted "knowledge" in statutory contemplation of the work-connected disability which actually existed.

The next question is whether there was sufficient proof that the note was delivered to the employer within the 90-day period. Although it bears date October 10, 40 days after August 31, the Appellate Division rejected the finding of fact reached independently by both the Division of Workmen's Compensation and the County Court that it was delivered on or about October 10. True, there was no direct testimony for the petitioner that it was delivered at or about that time. We think, however, that the record makes out at least a *prima facie* case that it was. That inference is virtually compelled by the obvious purpose of the note to have the employer relieve petitioner of work requiring twisting, turning or bending; it is only natural that following his doctor's advice to accomplish this end the patient would make prompt delivery. Also significant is the fact that it was the employer who produced the note

from its files and put it in evidence at the hearing and, though the employer challenged the sufficiency of its contents to constitute knowledge, not the slightest suggestion was made on its behalf that the note's effectiveness was also challenged as having been delivered after 90 days from August 31. Nor was the supervisor to whom the note was delivered called to testify on the question. We do not think that in the circumstances shown the Appellate Division was justified in disturbing the finding concurred in by the Division of Workmen's Compensation and the County Court that the note was delivered on or shortly after its date. We remark also that while the employer seems to have argued before the Appellate Division that the proofs did not show timely delivery, its brief in this court makes no effort to defend the conclusion favorable to it reached by the Appellate Division in that regard.

The judgment of the Appellate Division is reversed and the award to petitioner is reinstated.

*For reversal*—Justices HEHER, BURLING, JACOBS and BRENNAN—4.

*For affirmance*—Chief Justice VANDERBILT and Justices OLIPHANT and WACHENFELD—3.