■ In the Matter of the Claim of FRANCES DE CARLO, Respondent, v. FRANK BERGAMINI et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and insurance carrier from a decision of the Workmen's Compensation Board which held that the decedent's subsequent disability and death were causally related to an alleged accident of November 12, 1956, and which further held that the employer was not prejudiced by the failure of the decedent to give notice of accident within 30 days as required by section 18 of the Workmen's Compensation Law. The appellants contend that the record does not contain substantial evidence that the disability and death of the employee were causally related to the accident of November 12, 1956. There is no dispute that on the above date the deceased employee, while working for the appellant employer, suffered some chest pain after exerting unusual effort to keep an extension ladder from falling to the ground after the ladder was caught by a gust of wind. Thereafter, the employee continually complained of chest pains, but worked until December 3, 1956, at which time he went into shock and exhibited the "classical symptoms of coronary infarction". He informed the doctor he did not seek medical treatment after the initial attack on November 12, 1956 because he thought the pain was caused from "nervous indigestion". On December 3, however, he was not working for the appellant herein and this is the predicate for the argument over causation. The employee's personal physician stated unequivocally in his 15-Day Report that the December 3 attack was a result of the November 12 accident and thereafter testified that the employee suffered coronary symptoms on November 12 as a result of the work-related strain and that the infarction was chronic from that time until December 3 when it became acute and he went into shock. This doctor further testified that the employee had a mild arteriosclerosis prior to November 12 but he did not associate this condition with the coronary infarction. The claimant's specialist, a cardiologist, examined the employee on February 11, 1957 and April 15, 1957 and testified that based on an electrocardiogram the employee suffered a far-advanced cardiac disease prior to the accident. This doctor also said that the employee, in his opinion, suffered a coronary occlusion or hemorrhage on November 12 and that the December 3 incident was a more severe episode. This doctor admitted that the November 12 occurrence might possibly have been an angina attack, but he did not in any way change his opinion that it was a coronary occlusion or hemorrhage. He also testified that such a coronary episode would certainly shorten a man's life. The carrier's specialist, a cardiologist, testified that in his opinion the employee had suffered a myocardial infarction on December 3, but not on November 12, and that death was not related to the episode of November 12. The reason for this doctor's opinion was that the employee continued to work until December 3. Upon reading the record as a whole, it appears that each of the doctors had sufficient reasons for their opinions and diagnoses and that as a result the board was required to select one as deciding the factual issue of causation, as it did. (See Matter of Palermo v. Gallucci & Sons, 5 N Y 2d 529.) Accordingly the death claim award must be affirmed. The appellants, as noted above, have also raised the issue of notice by the employee and contend that they were prejudiced by such notice being given more than 30 days after the accident. They further contend that the board failed to make proper findings on the issue of notice

as noted in *Matter of Curry* v. *New York City Omnibus* (11 A D 2d 546, 547).: " It has been called to the board's attention in *Matter of Buchanan* v. *Deposit Cent. School* (7 A D 2d 683, 684) that conclusionary statements as to notice are not sufficient but proper findings stating the reasons for excusing compliance with section 18 are required." The record shows that the employer received notice of the November 12 incident on the following February 21. The employer did not cause an examination of the employee to be held until March 26, nearly five weeks later. As a result the employer was not prejudiced by the fact that he was prevented from providing earlier medical treatment. (*Matter of Andersen* v. *Norwegian Lutheran Church*, 2 A D 2d 613, affd. 2 N Y 2d 1004.) The employer attempts to argue prejudice in that he could not examine the employee prior to the December 3 incident. However, the employee was not required to give notice prior to December 3 and so there was no prejudice to the employer. (Workmen's Compensation Law, § 18.) The record as a whole shows clearly that there was no prejudice to the employer and as stated in *Matter of Caldwell* v. *Rhinelander* (226 App. Div. 700): " While the form of excuse to give notice is defective, upon the record in this case we find it unnecessary to remit the claim." Decision and award unanimously affirmed, with one bill of costs to be divided equally between respondents filing brief. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.