SWIFT, Judge.
Mrs. Jessie Mae Smith brought this suit for total disability benefits under the workmen’s compensation act, alleging that a work related accident had caused her to suffer a hernia. The lower court rendered judgment in favor of the defendant, the employer’s compensation insurer, and the plaintiff has appealed.
Plaintiff worked as a kitchen helper for Drago Batinich at Drago’s Seafood Restaurant in New Orleans. Mrs. Smith testified that on February 13, 1966, while carrying a pot of potatoes and attempting to open a rear door of the premises, the handle of the pot “jabbed my stomach” and caused a burning sensation.
There were no witnesses to the accident.
The plaintiff further testified that she reported the accident immediately to the chef, and either the bartender or the owner’s wife came at once and gave her aspirin. There was some question as to the identity of the chef, and he was not called by either party to testify at the trial. Both the bartender, a Mr. Cevitanovich and Mrs. Batinich denied receiving any notice and having any knowledge of the incident. A co-worker, Anna Thomas, testified that the plaintiff mentioned something about having trouble with her stomach because of an ulcer, but she never made any complaint of being hurt on the job. However, another fellow employee, Audrey Brown, recalled the plaintiff's telling her about the accident when she came on duty at 5:00 p. m. as Mrs. Smith was getting off. Mr. Batinich stated that the employee did not report any accident or injury at the time or during the two months she remained in his employ following the alleged accident.
Dr. Herman R. Cohen testified that on February 14, 1966, Mrs. Smith visited his office complaining of abdominal pain as a result of the alleged accident. An examination revealed an umbilical hernia which was confirmed by hospital tests on May 8, 1966, and repaired on September 27, 1966. Dr. Cohen had treated Mrs. Smith for various other complaints over the previous five or six years, and had not detected such hernia in April, 1965, her last visit before the alleged accident. He said the hernia could have been caused by the incident which the plaintiff related to him, but the doctor also acknowledged that it may have developed at some other time between her visits in April, 1965, and February 14, 1966. The only other medical witness who appeared at the trial did not examine the plaintiff until September, 1968, and expressed no opinion that shed any light on the cause of the hernia that had been repaired.
The trial judge in written reasons found that plaintiff had failed to give notice of the alleged accident and to carry the burden of proving her right to compensation.
Want of notice to the employer of the accident is not a defense or bar to a proceeding for workmen’s compensation unless the employer has been prejudiced thereby. LSA-R.S. 23:1294. No such prejudice was shown in this case. Therefore, the principal issue for determination is whether or not the plaintiff has proved she sustained an accident which caused her disabling condition while working for the defendant’s insured.
*735 In a compensation case the plaintiff has the burden of proof, and while she does not have to prove causal connection between disability and employment to an absolute certainty, she must establish her claim with reasonable certainty by a preponderance of the evidence. Teekell v. Campbell Construction Company, La.App., 160 So.2d 447 (2nd Cir. 1964).
The decision in this case requires the determination of a factual issue which largely involves the credibility of plaintiff and the lay witnesses. The trial judge did not believe Mrs. Smith’s account of having reported the alleged accident to her employer and the others at the restaurant, and he obviously did not believe her testimony as to its occurrence. Under these circumstances there is substantial support for his conclusion that plaintiff failed to meet the burden of proof imposed on her by law. Certainly, manifest error is not shown.
Accordingly, the judgment is affirmed at appellant’s cost.
Affirmed.