HUGO ETIENNE, Petitioner

v.

COMMISSIONER OF LABOR, GOVERNMENT OF THE VIRGIN ISLANDS, Respondent

Civil No. 1980-162

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 3, 1981

THOMAS D. IRELAND, ESQ., St. Thomas, V.I., *for petitioner*

DONALD M. BOUTON, ESQ., Acting Attorney General of the Virgin Islands, By: KIMBROUGH WILLIAMS, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for respondent*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION

This matter is before the Court on appeal by Hugo Etienne from an adverse final order of the respondent Commissioner of Labor (hereinafter referred to as the Commissioner) dated April 16, 1980. For the reasons set forth below, this cause will be remanded to the Commissioner.

In August 1975, petitioner Etienne injured his back during the course of his employment. Although his employer was covered by Workmen's Compensation Insurance, petitioner did not notify the employer or the Commissioner of the injury but instead commenced a lawsuit against the employer alleging common law negligence and seeking recovery for his job related injuries. Etienne v. Island Gas, Inc., Civil No. 77-35 (D.V.I. September 15, 1978). This case was disposed of on the employer's motion for summary judgment, the Court holding that petitioner had failed to pursue the exclusive remedies available to him under the Workmen's Compensation Act 24 V.I.C. § 284. See, Etienne v. Island Gas, Inc., supra, slip op. at 2.[1] On March 13, 1980, petitioner requested the Commissioner to extend the 60-day period within which a formal claim under the Workmen's Compensation Act, might be filed 24 V.I.C. § 258(a). This request was denied by the Commissioner on the ground that petitioner had failed to give notice of the injury to his employer within 48 hours or the Commissioner within 30 days as provided by 24 V.I.C. § 257(a). It was from the Commissioner's refusal to grant an extension in which to file his claim that petitioner sought a writ of review under the

---

[1] The court suggested that petitioner "pursue whatever remedies he may have under Workmen's Compensation." Supra, slip op. at 2.

terms of 24 V.I.C. § 256(c) and 5 V.I.C. App. V, R. 11. A Writ of Review was issued by this Court and served on the Commissioner on August 13, 1981. The matter is now ripe for decision.

■ ■ The central question here raised is whether petitioner's failure under the circumstances described, to file a notice of injury to either his employer or the Commissioner bars him from filing a claim under the Workmen's Compensation Act. The statutory section at issue—24 V.I.C. § 257(a)—requires a claimant to notify his employer within 48 hours after an injury by a written notice of the injury. In the case of an occupational disease, this notice may be given within 30 days "from the first distinct manifestation" of the disease. Should the time limit for filing the notice of injury or disease not be met, the Commissioner for "reasonable cause shown" may accept a written notice of injury within 30 days after the injury, or within 90 days in the case of an occupational disease. The statute provides that compensation "may be denied" unless the deadlines for notice of injury are met, and it is this provision which apparently formed the basis of the Commissioner's denial in the instant case. The provision goes on to say, however, that compensation may be denied "unless the employee's immediate superior has actual knowledge of the injury." The latter clause makes clear that the procedural notice requirements contained in § 257(a) are intended for the benefit not of the administrator of the Workmen's Compensation Act, but of the employer covered by the Act. The "purpose of the notice requirement is to enable the employer to protect himself by prompt investigation and treatment of the injury ...." 3 Larson Workmen's Compensation Law § 78.00 at 15-1. If, therefore, a claimant can demonstrate that his "immediate supervisor" had actual or constructive notice of the injury in question, then the notice requirements can have no effect on the issue of compensation. See, e.g., Goldstein v. Continental Baking Co., 16 N.J. 8, 105 A.2d 848 (1954) (per Brennan, J.); and Mize v. Sangamo Elec. Co., 251 S.C. 256, 161 S.E.2d 846 (1968). Conversely, if the employer can demonstrate that he was not put on notice of the injury through any means, compensation may be denied.

■ ■ An untimely claim for compensation may indeed pose difficulties in administering the Workmen's Compensation Law. However, the section upon which the Commissioner relies in refusing to consider petitioner's claim in this case was not intended to bar the

filing of late or even stale claims.[2] Because the Commissioner erred as a matter of law in applying 14 V.I.C. § 257(a) to deny consideration of the claim of petitioner and without giving an opinion on the merits of the claim, this cause will be remanded to the Commissioner for a determination, under the terms of 14 V.I.C. § 258(c), of whether "good and reasonable cause" exists to entend the time in which petitioner may file his claim for compensation.

---

[2] Section 258 of Title 24 requires that "the first claim for compensation shall be filed . . . within sixty days after the injury." This time limit may, however, be extended by the Commissioner for "good and reasonable cause shown." See, 24 V.I.C. § 258(c).