675 A.2d 668

ARTHUR BROCK, PETITIONER–APPELLANT,
v. PUBLIC SERVICE ELECTRIC & GAS
CO., RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 24, 1996—Decided May 13, 1996.

Loftus, J.S.C., temporarily assigned, dissented and filed opinion.

222

Before Judges LONG, BROCHIN and LOFTUS.

*Susan Callahan* argued the cause for appellant (*Galex, Tortoreti & Tomes*, attorneys).

*Robert Silver* argued the cause for respondent (*Michals, Wahl, Silver & Leitner*, attorneys).

The opinion of the court was delivered by

LONG, P.J.A.D.

On this appeal, petitioner, Arthur Brock, challenges the dismissal of the Workers' Compensation claim he filed against respondent, Public Service Electric & Gas Co. (PSE & G). The compensation judge based the dismissal on *N.J.S.A.* 34:15–33 which provides that a petitioner must:

> give the employer written notice or claim that the employee has contracted a compensable occupational disease, which notice to be effective must be given within a period of five months after the date when the employee shall have ceased to be subject to exposure to the occupational disease, or *within ninety days after the employee knew or ought to have known the nature of his disability and its relation to his employment,* whichever period is later in duration, no compensation shall be payable on account of the death or disability by occupational disease of the employee. (emphasis added).

The facts of the case need not be related in detail except to say that Brock worked for PSE & G for over thirty years in various capacities, often dealing with asbestos. He retired in 1987 at which time he was experiencing shortness of breath. Although he consulted a lawyer and a doctor in 1988, he did not learn for sure that he had asbestosis until November of 1989 when Dr. David S. Goldstein, a pulmonary internist, advised him in writing of that fact. Sometime in 1990, Brock filed suit against several manufacturers, distributors and suppliers of asbestos materials as a result of his asbestosis condition. The suit was settled, and on March 14, 1991, Brock received the first in a series of settlement checks. On October 23, 1991, he filed a Workers' Compensation claim petition against PSE & G, alleging that he contracted asbestosis from exposure to it during his employment. In sum, Brock waited almost two years after he knew of his occupational disease to file a claim and never notified PSE & G of his disease prior thereto.

The issue before the trial judge and before us is whether *N.J.S.A.* 34:15–33 is jurisdictional or whether Brock may proceed with a compensation action, having failed to notify his employer within ninety days of discovering his occupational disease, if PSE & G was not prejudiced by the late filing.

■ As a preliminary matter, we address Brock's contention that the failure of PSE & G to assert lack of proper notice in its answer constituted waiver of that claim under *N.J.S.A.* 34:15–52 which states that after a worker's compensation claim is filed, the employer's answer *"shall* . . . admit or deny the substantial averments of the petition, and *shall* state the contention of the defendant with reference to the matters in dispute as disclosed by the petition." (emphasis added). Here, although PSE & G's answer did not raise the notice issue, PSE & G moved to dismiss the petition on those grounds at the beginning of the trial, and the pretrial order specifically listed notice as an issue in dispute. Brock thus had ample warning in advance of trial that notice would be in issue and was prepared, and indeed did, present legal and factual arguments at the hearings on this issue. Our cases have recognized an exception to *N.J.S.A.* 34:15–52 in situations such as this in which the adversary has been advised by motion, pretrial order or in a timely manner before the hearing that notice is, in fact, an issue. *Goldklang v. Metropolitan Life,* 130 *N.J.Super.* 307, 312, 326 *A.*2d 690 (App.Div.), *aff'd,* 66 *N.J.* 1, 326 *A.*2d 685 (1974); *Stein v. Felden,* 17 *N.J.Super.* 311, 314–16, 86 *A.*2d 19 (App.Div.1952). *See also Hinz v. Western Electric Co.,* 9 *N.J.Super.* 93, 75 *A.*2d 149 (App.Div.1950). Nothing in *Conway v. Mister Softee, Inc.,* 51 *N.J.* 254, 239 *A.*2d 241 (1968), cited by Brock suggests a contrary result. We are satisfied, as was the trial judge, that Brock was actually aware throughout these proceedings that PSE & G had contested the adequacy of the notice given.

■ We turn next to the merits of the notice issue. Brock correctly argues that the purpose of the notice statute is to avoid prejudice to the employer by (1) affording it the opportunity to provide immediate medical diagnosis and treatment for the pur-

pose of minimizing harm, and (2) facilitating the earliest possible investigation of the facts. *Bucuk v. Edward A. Zusi Brass Foundry*, 49 *N.J.Super.* 187, 199, 139 *A*.2d 436 (App.Div.), *certif. denied*, 27 *N.J.* 398, 143 *A*.2d 9 (1958); *Hercules Powder Co. v. Nieratko*, 113 *N.J.L.* 195, 173 *A.* 606 (Sup.Ct.1934), *aff'd*, 114 *N.J.L.* 254, 176 *A.* 198 (E. & A.1935). He urges that because no amount of medical treatment could have minimized his condition, and because PSE & G was well aware of the asbestos at its plants through other filed claims, it was not prejudiced by his failure to provide notice of his compensable occupational disease.[1]

PSE & G counters that notice within ninety days is jurisdictional and that a prejudice analysis is inappropriate once the ninety-day period elapses. In support of this proposition, it cites *Hercules Powder, supra*, 114 *N.J.L.* at 255, 176 *A.* 198, and *Goldstein v. Continental Baking Co.*, 28 *N.J.Super.* 55, 58, 100 *A*.2d 337 (App.Div.1953), *rev'd on other grounds*, 16 *N.J.* 8, 105 *A*.2d 848 (1954), which construed a cognate enactment, *N.J.S.A.* 34:15–17, and held the notice provision to be a condition precedent to the maintenance of a non-occupational disease claim. The trial judge agreed with PSE & G. It is here that we part company from her.

We recognize that there is a substantial body of out-of-state cases suggesting the inviolability of a notice provision regardless of whether prejudice to the employer is shown. *Colorado Auto Body, Inc. v. Newton*, 160 *Colo.* 113, 414 *P*.2d 480 (1966); *Ferguson v. Industrial Comm'n*, 397 *Ill.* 348, 74 *N.E.*2d 539 (1947); *Mozley v. American General Ins. Co.*, 324 *S.W.*2d 925 (Tex.Civ. App.1959); *Scott v. Texas Employers' Ins. Ass'n*, 118 *S.W.*2d 354 (Tex.Civ.App.1938). Indeed, it has been held that, in the absence of an express legislative provision, failure to give timely notice of injury to the employer is a bar to recovery despite lack of prejudice. Arthur Larson, 2B *Workmens' Compensation Law*, § 78.32(a) (1995). *See also Farrow v. Carr Bros. Co., Inc.*, 393

---

[1] We assume these facts to be correct for the purpose of this opinion although no evidence was adduced on this subject at the hearing because the issue was not reached.

*A.*2d 1341 (Me.1978); *Podkastelnea v. Michigan Cent. R. Co.,* 198 *Mich.* 321, 164 *N.W.* 418 (1917); *Ramos v. Production Steel,* 87 *Mich.App.* 30, 273 *N.W.*2d 578 (1978); *Gesmundo v. Bush,* 133 *Conn.* 607, 53 *A.*2d 392 (1947). The out-of-state cases which have reached a contrary result and declared lack of prejudice to the employer to excuse failure of notice by the employee are generally based on statutes which specifically provide for such an outcome. *Bethlehem Steel Co. v. Parker,* 72 *F.Supp.* 35 (D.C.Md.), *aff'd,* 163 *F.*2d 334 (4th Cir.1947); *Argonaut Min. Co. v. Industrial Accident Comm'n,* 21 *Cal.App.*2d 492, 70 *P.*2d 216 (1937); *Dawson v. Hartwick,* 91 *Idaho* 561, 428 *P.*2d 480 (1967); *Atlantic & Pacific Tea Co. v. Industrial Comm'n,* 67 *Ill.*2d 137, 7 *Ill.Dec.* 96, 364 *N.E.*2d 83 (1977); *Gales v. Peter Kiewit Sons' Co.,* 184 *Kan.* 573, 337 *P.*2d 669 (1959); *Smith v. Phoenix Assurance Co. of New York,* 231 *So.*2d 733 (La.Ct.App.), *writ refused,* 255 *La.* 1102, 234 *So.*2d 195 (1970); *Thibeault's Case,* 341 *Mass.* 647, 171 *N.E.*2d 151 (1961); *Snow v. Hicks Bros. Chevrolet, Inc.,* 480 *S.W.*2d 97 (Mo.Ct. App.1972); *DeCarlo v. Bergamini,* 16 *A.D.*2d 1001, 229 *N.Y.S.*2d 276 (1962).

█ Unlike these statutes, *N.J.S.A.* 34:15-33 is silent as to the issue of prejudice to the employer. It is true as PSE & G argues that in construing *N.J.S.A.* 34:15-17, the courts in *Hercules Powder, supra,* and *Goldstein, supra,* affirmed that its notice provision is not merely directory. However, neither of those cases involved a claim by the injured employee that the employer was not prejudiced by the late notice. Moreover, Brock does not suggest that the language in *N.J.S.A.* 34:15-33 should be viewed as directory. On the contrary, he urges that where an employer is not prejudiced by late notice, there is simply no reason to bar consideration of an injured employee's claim. The decision in *Electronic Associates v. Heisinger,* 111 *N.J.Super.* 15, 266 *A.*2d 601 (App.Div.1970) supports this view. There the court held that where the employer was not prejudiced by the late notice and did not dispute that the disability was work connected, petitioner should not be deprived of statutory benefits. *Id.* at 19, 266 *A.*2d 601. We ascribe to this view.

The paramount question in every case in which conflicting interpretations of a statute are advanced is which interpretation more fully accords with the legislative intent. *Jacobitti v. Jacobitti*, 135 *N.J.* 571, 641 *A.2d* 535 (1994); *State v. Galloway*, 133 *N.J.* 631, 628 *A.2d* 735 (1993). Here the Legislature incorporated a notice provision into the Workers' Compensation Act. Unlike a statute of limitations which has as its purpose the giving of repose to human affairs (*Leake v. Bullock*, 104 *N.J.Super.* 309, 250 *A.2d* 27 (App.Div.1969)), a notice provision is focused on avoiding prejudice to an employer whose employee is claiming a compensable occupational disease by allowing for immediate and timely investigation and for mitigation of damages. To carry out the legislative intent, it is clear that the notice provision must be strictly construed where prejudice to an employer can be shown to have flowed from want of notice. On the other hand, no legislative intent that we can discern would be served by barring the claim of an employee with a compensable occupational disease for failing to give timely notice to an employer whose rights are in no way prejudiced thereby. Indeed such an interpretation seems to us to fly in the face of the well-established principle that the Workers' Compensation Act is social legislation which is to be liberally construed to achieve its humane purposes. *Panzino v. Continental Can Co.*, 71 *N.J.* 298, 303, 364 *A.2d* 1043 (1976). This is not to suggest that we are empowered to supply deficiencies that may seem to exist in the handiwork of the Legislature. *Buzza v. General Motors Corp., Linden Plant*, 49 *N.J.Super.* 322, 333, 139 *A.2d* 790 (App.Div.1958). Rather, where, as here, an interpretation of the Workers' Compensation Act has been advanced which not only accords with the legislative intent but has the effect of protecting the class of persons meant to benefit from the humane purposes behind the act, it should be adopted.

We thus reverse and remand the case to the compensation judge for a determination as to whether PSE & G was prejudiced by Brock's failure to give it timely notice under *N.J.S.A.* 34:15–33.

Reversed and remanded.

LOFTUS, J.S.C. (temporarily assigned) dissenting.

I respectfully dissent from the majority opinion.

The standard of review to be applied is whether the order of the Workers' Compensation Judge was supported by substantial credible evidence in the record. *Close v. Kordulak Bros.*, 44 *N.J.* 589, 599, 210 *A.2d* 753 (1965); *Mathesius v. St. Barnabas Medical Center*, 265 *N.J.Super.* 83, 94, 625 *A.2d* 567 (App.Div.) *certif. denied*, 134 *N.J.* 560, 636 *A.2d* 519 (1993); *Manzo v. Amalgamated Indus. Union Local 76B*, 241 *N.J.Super.* 604, 609, 575 *A.2d* 903 (App.Div.), *certif. denied*, 122 *N.J.* 372, 585 *A.2d* 379 (1990). Applying this standard of review to this case, I would affirm.

Brock became aware that he had asbestosis upon receipt of his physician's letter mailed on November 8, 1989. Sometime in 1990, he filed suit against several manufacturers, distributors and suppliers of asbestos materials as a result of his asbestosis condition. There were several settlements against several different asbestos manufacturers, and on March 14, 1991, Brock received the first in a series of settlement checks. On October 25, 1991, he filed a Workers' Compensation claim petition against PSE & G, alleging that he contracted asbestos from exposure to it during his employment. Thus, Brock waited almost two years after he knew of his occupational disease to file a claim and did not notify PSE & G of his disease prior thereto.

*N.J.S.A.* 34:15–33 provides:

Unless the employer during the continuance of the employment shall have actual knowledge that the employee has contracted a compensable occupational disease, or unless the employee or someone on his behalf, ... shall give the employer written notice or claim that the employee has contracted a compensable occupational disease, which notice to be effective must be given *within a period of five months after the date when the employee shall have ceased to be subject to exposure to the occupational disease, or within ninety days after the employee knew or ought to have known the nature of his disability and its relation to his employment*, whichever period is later in duration, no compensation shall be payable on account of the death or disability by occupational disease of the employee.

Under this section, notice to or knowledge on the part of the employer shall be deemed notice to or knowledge, as the case may be, on the part of the insurance carrier; and notice to or knowledge on the part of the insurance carrier shall be

deemed notice to or knowledge, as the case may be, on the part of the employer. (emphasis added).

### The Workers' Compensation Judge found:

Petitioner acknowledges that the first notice received by the respondent was the claim petition file dated October 25, 1991. It should be noted that the petitioner in this matter has several third party cases pending against the manufacturers of asbestos used by the respondent in its facilities.

When petitioner was questioned by the Court, petitioner's attorney could not provide the days that these claims were filed, however, she did acknowledge that the petitioner did, in fact, receive settlements of these cases starting on March 14, 1991, when the first settlement check was received. Assuming that petitioner's first knowledge of his disability and its relationship to his employment was when he received his first settlement check in third party actions against the manufacture of the asbestos, petitioner's claim must be dismissed, since no notice was given to the employer until October 25, 1991, some *seven months* after receipt of his first settlement check on his third party claims. (emphasis added).

These findings were supported by substantial, credible evidence in the record.

The New Jersey Workers' Compensation Act, *N.J.S.A.* 34:15–1 *et seq.,* provides a quick, efficient remedy for wage loss and the permanent impairment of physical capacity suffered by workers because of work connected injuries. *Electronic Associates, Inc. v. Heisinger,* 111 *N.J.Super.* 15, 19, 266 *A.*2d 601 (App.Div.1970). It is social legislation which should be liberally construed to achieve humane purposes. *Panzino v. Continental Can Co.,* 71 *N.J.* 298, 303, 364 *A.*2d 1043 (1976). However, the wisdom, good sense, policy and prudence of a statute are matters within the province of the Legislature and not of the court. *White v. Township of North Bergen,* 77 *N.J.* 538, 554–55, 391 *A.*2d 911 (1978).

*N.J.S.A.* 34:15–33 does not contain an express provision requiring that the employer establish prejudice before the notice provisions become applicable. When the Legislature chose to include a prejudice exception it did so as in *N.J.S.A.* 34:15–17 which provides:

Unless the employer shall have actual knowledge of the occurrence of the injury, or unless the employee, or some one on his behalf, or some of the dependents, or some one on their behalf, shall give notice thereof to the employer within fourteen days of the occurrence of the injury, then no compensation shall be due until such notice is given or knowledge obtained. If the notice is given, or the knowledge

obtained within thirty days from the occurrence of the injury, no want, failure, or inaccuracy of a notice shall be a bar to obtaining compensation, *unless the employer shall show that he was prejudiced by such want, defect or inaccuracy, and then only to the extent of such prejudice.* If the notice is given, or the knowledge obtained within ninety days, and if the employee, or other beneficiary, shall show that his failure to give prior notice was due to his mistake, inadvertence, ignorance of fact or law, or inability, or to the fraud, misrepresentation or deceit of another person, or to any other reasonable cause or excuse, then compensation may be allowed, *unless, and then to the extent only that the employer shall show that he was prejudiced by failure to receive* such notice. Unless knowledge be obtained, or notice given, within ninety days after the occurrence of the injury, no compensation shall be allowed. (emphasis added).

The Division of Workers' Compensation does not have jurisdiction to entertain a claim petition filed after the expiration of the time designated in the statute. *De Asio v. City of Bayonne,* 62 *N.J.Super.* 232, 235–36, 162 *A.*2d 596 (App.Div.), *cert. denied,* 33 *N.J.* 386, 164 *A.*2d 849 (1960). "The Compensation Bureau is a creature of statute, and its special and limited jurisdiction cannot be inflated by consent, waiver, estoppel, or judicial inclination." *Id.* at 236, 162 *A.*2d 596.

*Electronic Associates, Inc. v. Heisinger, supra,* 111 *N.J.Super.* 15, 266 *A.*2d 601, is distinguishable from this case. In that case, the trial judge found that although petitioner may have been aware of her disability, she was unaware of its relation to her employment until she consulted counsel and consequently the late notice was permitted. *Id.* at 19, 266 *A.*2d at 603. In this case, the evidence indicates that Brock knew that the asbestosis was related to his employment but failed to file his workers' compensation petition within the time requirements of *N.J.S.A.* 34:15–33.

I would affirm substantially for the reasons set forth by the judge of workers' compensation.