DOVER BOILER WORKS, RESPONDENT-PROSECUTOR, v. CARRIE PAYNTER, PETITIONER-RESPONDENT.

Argued May 6, 1936—Decided September 24, 1936.

Before Justices Bodine and Heher.

For the petitioner-respondent, *Cox & Walburg* and *Arthur T. Mead.*

For the respondent-prosecutor, *Merritt Lane.*

Per Curiam.

The writ brings up for review an award in a workmen's compensation case in which both the bureau and the Court of Common Pleas concurred. Prosecutor contends that an award to the widow of the deceased workman was not proper since she had not made a timely claim. The proofs show that the employe was injured June 4th, 1927. An informal hearing resulted in an agreement, under the terms of which the employe was paid temporary compensation and compensation for permanent disability for a period of two hundred and fifty weeks. These payments had not been completed at the time of his death. Within a year after the last payment, the widow filed the petition now under review for compensation by reason of his death. The statutes applicable are: *Pamph. L.* 1911, *ch.* 95, *p.* 144, as amended by *Pamph. L.* 1913, *ch.* 174, *p.* 311; *Pamph. L.* 1919, *ch.* 93, *p.* 211, § 23 (h); 2 *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3886, § **236-32 (h). The decision of this court in *Hercules Powder Co.* v. *Nieratko,* 113 *N. J. L.* 195; 173 *Atl. Rep.* 606; *affirmed,* 114 *N. J. L.* 254; 176 *Atl. Rep.* 198, is controlling.

The proofs sustaining the finding of both the bureau and Court of Common Pleas that the employe died as a result of injuries sustained by him on June 4th, 1927, will not be disturbed.

The writ will be dismissed.