D. KALTMAN & COMPANY, INC., PROSECUTOR, v. BESSIE ITZKOWITZ, DEFENDANT.

Submitted May 1, 1945—Decided July 16, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the prosecutor, *Edwards, Smith & Dawson (George Echelman,* of counsel).

For the defendant, *Reuben O. Goldstein.*

The opinion of the court was delivered by

OLIPHANT, J. This is a workmen's compensation case. The employee died as the result of a massive pulmonary embolism. The Compensation Bureau dismissed the petition of the widow and on appeal the Hudson County Court of Common Pleas reversed the action of the Bureau and entered judgment for petitioners. The employer sued out a writ of *certiorari.*

The question for decision here is, was the death of the employee the result of an accident sustained in the course of his employment? Prosecutor also complains of an allowance of $500 as a counsel fee for services rendered by the attorney of the defendant in the Common Pleas Court as being excessive and unreasonable.

It becomes our duty now to examine the evidence and to determine whether the respondent has established, by a preponderance of probabilities, that the employment was one of the controlling causes without which employee's death would not have occurred, having in mind "that the burden of proof is upon the employer to show cause" if it seeks to avoid liability because death occurred from a cause for which it is not responsible. *Pierce* v. *Jersey Central Power and Light Co.,* 127 *N. J. L.* 71.

David Irving Itzkowitz, the decedent, was 62 years of age. He was a resident of New York City and was employed by respondent, a wholesale drug company, for several years prior to the date of the accident, as a clerk at its plant in Jersey City. On January 13th, 1943, while in the performance of his duties, a bottle of medication weighing between one and two pounds fell and struck him on the right instep. After completing his day's work he went home where he complained about pain in his right foot and went to bed. Dr. Kupperman, his family physician, saw him once, on January 16th. Decedent's right foot was swollen and red, and his temperature was 100 by rectum. He prescribed wet dressings of epsom salts, camphor oil, and rest in bed. His wife and daughter claimed this course of treatment was followed by them. On January 22d, 1943, he died suddenly.

Petitioner contended that the blow on the foot caused a blood clot to form which ultimately caused her husband's death. In support of this theory she produced two medical witnesses, Dr. Goldowsky and Dr. Hill, who testified, in response to hypothetical questions, that in their opinions the injury which decedent sustained was the direct producing cause of his death. Dr. Goldowsky said that, in his judgment, a blood clot was formed at the point of injury in the foot and went up through the veins of the leg.

On behalf of the prosecutor there was produced Dr. Kaufman, who answered the same hypothetical question put to respondent's witnesses in the negative, and Dr. Eugene Clark. The latter was an assistant medical examiner in the office of the chief medical examiner of New York County. He performed an autopsy on deceased on January 23d, 1943. He testified to the minute findings as revealed by that autopsy, and, in layman's language, said that the initial site of the formation of the thrombus was in the veins of the thigh. He said "this man died as a result of a pulmonary embolism, which was brought about by the transportation of a thrombus from the vein of the thigh or the iliac vein in the abdomen, which is an extension of the vein of the thigh, into the arteries of the lung." He further testified that the basic origin of the thrombus in the thigh was due to natural causes.

At the autopsy Dr. Clark found both feet of decedent caked with a layer of inspissated dirt. In his opinion it took "at least a week and probably several weeks" for that dirt to accumulate. This testimony negatives to a large degree that of decedent's wife and daughter in regard to the application of dressings, and compels a trier of the facts to look on their whole testimony with some suspicion. Also, at the autopsy, there was found no significant injury to the foot.

Dr. Kupperman, the family physician, expressed no opinion as to the cause and relationship between the injury claimed to have been produced by the accident and the death.

We have examined the entire record with care and have reached the conclusion that the testimony, particularly that of Dr. Clark, who examined decedent, even so after death, plus that of Dr. Kaufman, greatly outweighs that of the medical experts produced on behalf of the respondent, who based their opinions on a hypothetical question propounded to them.

Considerable weight should be given the findings of fact as found by the Deputy Compensation Commissioner as he had the opportunity of hearing and observing the witnesses, which the Court of Common Pleas did not have.

We are of the opinion that respondent did not sustain the burden of proof that the death of the decedent was the result of an accident arising out of his employment with prosecutor,

but that the probabilities are that it was due to a cause wholly disassociated with his employment.

In view of our determination of the main case we are not concerned with the amount of the fee awarded counsel in the Court of Common Pleas. The statute 34:15–67 provides for the allowance of attorney's fees to the "party prevailing." This has been construed to mean "the party ultimately prevailing when the matter is finally set at rest." *Comparri* v. *James Readding, Inc.*, 121 N. J. L. 591. This matter may be "at rest" here and the defendant, whose attorney's fee is questioned, is not the prevailing party.

The judgment of the Hudson County Court of Common Pleas is reversed, and this results in the re-instatement of the judgment of the Compensation Bureau.