This is an appeal from a determination in the Workmen's Compensation Division wherein the employer's petition for a decrease in the compensation previously awarded the respondent (employee) was dismissed. To avoid confusion I shall hereafter refer to the present petitioner as the Company and to the present respondent as Klochansky.
The record discloses that Klochansky sustained an injury by accident arising out of and in the course of his employment with the Company on May 27, 1940. After hearing upon his formally filed petition for compensation, an award was made to him of 12 1/2 per cent of total. Subsequently, a petition was filed for an alleged increase of disability on June 8, 1943, and, after a protracted hearing, an award was entered in his favor on August 8, 1944, for 100 per cent total permanent disability.
Pursuant to the above orders, the Company has paid Klochansky 384 1/2 weeks of permanent disability compensation. It has filed the present petition for a reduction in the award on the grounds of an alleged improvement in his general physical condition. It seeks a determination that his permanent disability has diminished.
Dr. Weinstock Bergman, appearing as a neurologist for the Company, testified that he had examined Klochansky on April 7, 1941, and again on April 27, 1948, at which time his findings were that Klochansky seemed "well nourished and not acutely ill," that he "showed evidence of arteriosclerosis in the fundi and the peripheral-vascular system" with "coarse tremors of the eye lids, tongue and fingers." The doctor estimated *Page 363 
his neuropsychiatric disability to be 15 per cent of total regardless of cause, of which he attributed about 10 per cent of total to trauma. In answer to a hypothetical question Dr. Bergman expressed the opinion that Klochansky had improved not only in the subjective manifestations but in the objective findings as well to the point that neuropsychiatrically he found him 5 per cent better in the later examination.
Dr. Jack Blumberg, testifying on behalf of the Company, stated that he had examined Klochansky on September 20, 1943, and again on April 7, 1948, at which time subjective complaints were made to him of recurrent headaches, recurrent dizziness and an inability to lift anything. The objective findings were some arteriosclerotic changes in the fundi, tremors of the eye lids, tongue and extended fingers and a neurosis. In answer to a hypothetical question, Dr. Blumberg expressed the opinion that Klochansky's condition was better in 1948 to the point where he could work. On cross-examination, Dr. Blumberg estimated Klochansky's neurological disability to be 5 per cent of total which is exactly the appraisal he had made at the hearing in 1944.
Three investigators testified for the Company. One stated that he had seen Klochansky on December 20 and 21, 1944, standing on a ladder hanging wallpaper in his home. Another stated that he had seen Klochansky on September 29, 1947, carry two medium sized ash cans from the sidewalk into the house. The next day (September 30) he saw him sweep the sidewalk and later make two trips to the corner with a two-wheeled cart to pick up wood which he carted to the back yard. Later, he saw Klochansky go to the grocery store (five doors from his home) and return with merchandise in a 12-inch bag.
Another investigator testified regarding his observation of Klochansky on November 14 and November 29, 1947, at which times he saw him cutting wood, carrying it and piling it. Motion pictures (200 feet) which he had taken of these activities were received in evidence.
The pictures were exhibited in my Chambers on October 24th. The films showed Klochansky on the dates mentioned *Page 364 
cutting small pieces of board with a hatchet, then making a bundle and carrying it to a wood box in the cellar areaway. The witness further stated that he had seen the subject holding boards against a revolving power saw but by the time he obtained his camera this operation had ceased. On cross-examination, the witness admitted that the action shown on the films would take between 10 and 15 minutes and, that during part of the time, Klochansky had been sitting and resting.
Mrs. Mary Klochansky testified on behalf of her husband. She stated that since 1944 he has done no work, that he constantly complains of dizziness and headaches, that he is cranky and acts very mean, that he does not sleep during the night but gets up with the result that he spends a large part of the day in bed, that when people visit their home he leaves them and goes either to the back yard or upstairs to bed, that he accuses the witness of being crazy, that he eats very poorly and that he has lost about 55 pounds in weight.
Mike Klochansky testified in his own behalf and stated that he suffers from dizziness, noises in his ears and head, and when he tries to work, "I get black." While much of his testimony is irrational and certain of his affectations might be feigned I am inclined to lend some credence to his story because of the corroboration furnished by other witnesses.
Dr. Robert H. Stockfisch, testifying as a neurologist on behalf of Klochansky, stated that he had examined him on February 9 and April 5, 1944, and again on June 1, 1948. His most recent examination disclosed Klochansky to be thinner than he had been previously and that he exhibited mental confusion under questioning. The doctor diagnosed his trouble as "a post-concussional syndrome of an organic type, and a traumatic psychoneurosis." It was his opinion that Klochansky is 100 per cent totally disabled and unable to work.
It is fundamental that upon a petition to establish and obtain an amended allowance for an increase or a decrease in disability in a workmen's compensation case, the burden is *Page 365 
upon him who asserts the change, Tucker v. Frank J. Beltramo,Inc., 117 N.J.L. 72 (Sup. Ct. 1936); Rotino v. J.P.Scanlon, Inc., 125 N.J.L. 227 (Sup. Ct. 1940). Furthermore, the testimony of increase or of decrease must be predicated upon the condition and causes determined at the original hearing,Cirillo v. United Engineers and Constructors, Inc.,121 N.J.L. 511 (E. A. 1939).
After careful consideration of all the evidence produced before me and comparison of it with the final determination made in the 1944 hearing, it is my opinion that the Company has failed to sustain the burden of proof imposed upon it. I am further impressed by the principle enunciated in D. Kaltman Co., Inc.,v. Itzkowitz, 133 N.J.L. 191 (Sup. Ct. 1945), and other cases that "considerable weight should be given the findings of fact as found by the Deputy Compensation Commissioner as he had the opportunity of hearing and observing the witnesses, which the Court of Common Pleas did not have." The Company's petition is therefore dismissed.
I will sign an order in conformity to the views expressed herein.