98 N.J. Super. 410 (1967)
237 A.2d 517
HAZEL JONES, PETITIONER-RESPONDENT,
v.
BADGER MANUFACTURING CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Camden County Court, Law Division.
Decided December 15, 1967.
*412 Mr. Peter P. Kalac for petitioner-respondent (Messrs. Lane and Evans, attorneys).
H. Hurlburt Tomlin, Esq. for respondent-appellant (Mr. Robert S. Lewis appearing).
MARIANO, J.S.C.
Respondent below appeals from a judgment entered in the Division of Workmen's Compensation awarding death benefits to petitioner.
The grounds set forth for the appeal are threefold. First, the widow's petition for death benefits should have been dismissed because it was not filed within two years after the death of her husband. Second, the lack of petitioner's medical proof establishing causal connection between decedent's coronary episode of July 30, 1958 and his death on September 20, 1960. Last, petitioner's acceptance of payments under N.J.S.A. 34:15-12(e) (disability compensation) constitutes an election and therefore bars subsequent right to death benefits.
Decedent Jones had sustained some heart difficulty in May 1956 while working for the Catalytic Construction Co. but failed to seek any compensable benefits therefor. On *413 November 1, 1956, while working for George H. Fuller Co., he sustained a heart attack and filed claim petition No. C19912. Following a hearing he was awarded permanent disability based on 25% of total. After that compensable heart attack decedent returned to work and on July 30, 1958, while employed by respondent, sustained another heart attack for which he filed claim petition No. D29807 and was awarded permanent disability based upon another 25% of total. Judge Neutze, at a hearing held on July 23, 1959, found petitioner was totally and permanently disabled from all causes.
The award to petitioner resulting from the infarction of November 1956 was $792.86 for temporary disability and $4,125 for permanent disability. The award for the infarction of July 30, 1958 was $571.43 for temporary and $4,182.50 for permanent disability. Jones died on September 20, 1960.
On July 11, 1961 respondent's carrier issued a check in the amount of $1,382, representing the balance of payments due under the disability award of July 23, 1959 for the July 30, 1958 infarction. This payment covered the period from September 22, 1960 through June 25, 1961. Petitioner herein filed her dependency claim on April 30, 1963, which was not within two years of her husband's death but was within two years of the date of the last payment of compensation representing the balance due under the judgment of July 23, 1959.
The proceedings awarding death benefits amounting to $14,000, subject to a credit of the $1,382 for payment which was made to the widow in accordance with the provisions of N.J.S.A. 34:15-12(e), are now under review by this court.
An analysis of the statutory scheme which outlines the statute of limitations in actions brought before the Division of Workmen's Compensation is imperative to resolving the initial issue at bar. Reference, therefore, is made to N.J.S.A. 34:15-41, which provides:
*414 "In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed in duplicate with the secretary of the workmen's compensation bureau, as prescribed by section 34:15-51 of this title."
The pertinent portion of N.J.S.A. 34:15-51 reads:
"Every claimant for compensation under article 2 of this chapter (§ 34:15-7 et seq.) shall, unless a settlement is effected or a petition filed under the provisions of section 34:15-50 of this title, file a petition in duplicate with the secretary of the bureau in his office, at the state house, in Trenton, within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between the employer and the claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation. Any payment made in accordance with the provisions of article 2 of this chapter (§ 34:15-7 et seq.) shall constitute an agreement for compensation. * * *" (Emphasis added)
Under modern concepts the employee's right for disability compensation and the widow's rights to death benefits are both founded on the same accident. The two rights are separate and distinct and compensation is provided for in different sections of the statute. The compensation for the injured employee is to be found in N.J.S.A. 34:15-12, while compensation for death benefits for dependents is controlled by N.J.S.A. 34:15-13. This distinction has been molded in our decisional law. See Eckert v. New Jersey State Highway Dept., 1 N.J. 474 (1949).
Respondent-appellant advances the argument that the last payment of compensation specified in the statute (N.J.S.A. 34:15-51) refers to a payment of compensation to the widow for dependency and not to a payment of disability compensation to the employee. This conclusion is reached without benefit of any citation whatsoever.
Although disability rights and dependency rights are separate and distinct, this fact alone presents no logical basis for the conclusion that the words "part of the compensation" *415 in N.J.S.A. 34:15-51 refer only to the compensation arising from the claim for death benefits.
To accept appellant's interpretation would be too restrictive in that it would limit the application of the last-payment provision of N.J.S.A. 34:15-51 solely to those cases where the dependent had entered into a private agreement with the employer or its carrier for payment of dependency death benefits. If the agreement was later breached by the employer or its carrier, the dependent would then have two years from the employer's last payment to file a petition for dependency benefits. Restricting the application of N.J.S.A. 34:15-51 to this type of case would subvert the purpose of the statute as set forth in De Asio v. City of Bayonne, 62 N.J. Super. 232 (App. Div. 1960). There the court stated that the objective of the statute is to prevent employers and their insurers from lulling an injured employee into a false assumption of security and consequential inaction by means of tending voluntary assistance.
The rationale of De Asio applies in the present case to defeat appellant's interpretation. Assuming that instead of paying the balance of the disability award to the widow on July 11, 1961 the employer had continued to make periodic payments of that award to her until more than two years after her husband's death, then the widow's rights to dependency benefits would have been barred under appellant's interpretation. It would be possible for the employer to lull a dependent of a deceased employee into a false sense of security and inaction by continuing disability payments for two years or more after the employee's death, thereby precluding dependents recovery of additional benefits to which they would be entitled.
In any event, appellant's proposed interpretation is contrary to adjudicated cases in our courts. A fact pattern similar to the one presently before this court existed in Hercules Powder Co. v. Nieratko, 113 N.J.L. 195, affirmed 114 N.J.L. 254 (E. & A. 1935). While Hercules was decided under the provisions of L. 1919, pages 201, 214, they *416 are substantially the same as N.J.S.A. 34:15-51 except the period of limitation after last payment was one year while the present provision is two years.
In Hercules the injury was sustained by petitioner on February 19, 1929. Subsequently, at an informal hearing, he was awarded compensation payments which were to run for 20 weeks from March 6, 1929, and mature July 24, 1929. Petitioner died January 28, 1930, and his widow filed a dependency claim petition on July 9, 1930. Thus, this latter petition was filed prior to the expiration of one year from the date the last payment was made or ought to have been made. The court dismissed the argument that the petition was filed out of time as being devoid of merit and stated simply that:
"In a case presenting a somewhat similar situation, where the employe died more than a year after payments for temporary disability had ceased, our court of the last resort construed this statutory provision to permit the presentation of a claim for compensation by the dependents `within one year after the date of the last payment of compensation,' and the clause relating to the payment of `a part of the compensation' was construed to mean `part of the compensation which ought to be paid.' Lusczy v. Seaboard By-Products Co., 101 N.J.L. 170. The petition herein was filed within one year after the last payment of compensation, and the claim is therefore not barred."
Two years later a similar situation occurred in the case of Dover Boiler Works v. Paynter, 14 N.J. Misc. 759 (Sup. Ct. 1936). Respondent there also argued that the claim filed by the widow was not timely. The proofs showed that the employee was injured June 4, 1927. At an informal hearing he was paid temporary compensation and compensation for permanent disability for a period of 250 weeks. These payments were still being made at the time of his death. The widow filed her petition within a year after the last payment. The court relied on the decision of Hercules Powder Co. v. Nieratko, supra. It held that the petition was timely.
In King v. Western Electric Co., 122 N.J.L. 442 (Sup. Ct. 1939), affirmed 124 N.J.L. 129 (E. & A. 1940), the *417 facts of the case which are pertinent to the present case are these: The parties stipulated to a lump sum settlement of 200 weeks' compensation at the then statutory rate of $18.12 per week. The deputy commissioner entered judgment in accordance with this stipulation on May 25, 1934, and the sum thus stipulated was paid on May 31, 1934. Petitioner died February 17, 1938, and his wife filed a dependency claim petition on April 8, 1938. Respondent argued, inter alia, that the dependency claim petition should be barred inasmuch as it was not filed within the statutory period.
The court considered this argument as being without basis. In holding for petitioner it said:
"The petition [dependency claim petition] was also filed within two years after the last payment of compensation in the statutory sense, and was therefore within time. [Citations omitted]"
It is clear, therefore, that in the clause "or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation," contained in N.J.S.A. 34:15-51, the words, "the last payment of compensation" are not limited to a payment of compensation to the widow for dependency benefits. A reasonable interpretation must include the last payment of compensation under a disability award. Consequently, the petition for dependency benefits was filed within two years after the last payment of compensation and the claim is therefore not barred.
As to causal relation, it is fundamental that petitioner has the burden of showing by the preponderance of the believable evidence that the ordinary work effort or strain in reasonable probability contributed in some material degree to the precipitation, aggravation or acceleration of the existing heart disease and the death therefrom. The phrase "some material degree" has been defined as an appreciable degree or a degree greater than de minimis. Dwyer v. Ford Motor Co., 36 N.J. 487 (1962).
*418 Dr. Harold Coxson treated decedent from 1956 until the date of death and was thoroughly familiar with the history and physical condition of his patient. He testified that the deceased employee's condition gradually deteriorated after the July 1958 attack, and he did not respond to treatment and never recovered from the same, nor did he suffer any other infarction after July 1958. It was his opinion that there existed a causal relationship between Mr. Jones' demise on September 20, 1960 and the myocardial infarction of July 30, 1958.
Respondent produced Dr. Francis X. Keeley as its medical expert. He had never treated or even examined the decedent. It was his opinion that there was no direct causal relationship. It must be noted that a direct causal relationship is not a prerequisite to recovery. He did not testify whether the infarction of July 30, 1958 was a contributing factor to the death of Jones.
It is well settled that the opinion of the treating physician, in this case Dr. Coxson, must be given greater weight on the question of causal relationship. Bialko v. H. Baker Milk Company, 38 N.J. Super. 169 (App. Div. 1955). Furthermore, considerable weight should be given findings of fact by the judge below as he had the opportunity which this court did not have of hearing and observing the witnesses. See Jersey City Printing Co. v. Klochansky, 9 N.J. Super. 361 (Cty. Ct. 1949), affirmed 8 N.J. Super. 186 (App. Div. 1950).
My review of the medical testimony in the light of the rule of law to be applied satisfies me that the legal causation to the required degree has been shown by the preponderance of the evidence.
Appellant argues that petitioner's election to receive, under N.J.S.A. 34:15-12(c), the balance of the disability benefits payable to her husband barred her claim for dependency benefits.
N.J.S.A. 34:15-12(e) provides:
*419 "In case of the death of the person from any cause other than the accident or occupational disease, during the period of payments for permanent injury, the remaining payments shall be paid to such of his or her dependents as are included in the provisions of said section 34:15-13 or, if no dependents, the remaining amount due, but not exceeding $400.00, shall be paid in a lump sum to the proper person for funeral expenses; but no compensation shall be due any other person than the injured employee on account of compensation being paid in excess of 450 weeks on account of disability total in character and permanent in quality as provided by paragraph `b' of this section."
After the death of Jones, his widow, without formal application being made to the Division of Workmen's Compensation, was, by consent order, paid the balance of $1,382 due under the permanent disability award of July 23, 1959. It perhaps would have been better practice for the parties to appear formally before the Division respecting payment of the balance due. However, it is the common practice in compensation cases to pay the balance due voluntarily, so that the dependents of a decedent may have the means to meet current expenses pending adjudication of their dependency rights. This practice was reflected by Judge Neutze's action in deducting from the award of death benefits the balance of $1,382 due under the disability award. At the time the order was entered by the court below awarding the balance to the widow there were no medical proofs submitted whereby the court could determine whether the decedent died "from any cause other than the accident or occupational disease." The judge therefore ruled:
"The fact that the widow has accepted the check for the balance of the payments cannot be said to have been an `election' by her. She could not make an election until she brought this matter before the Division of Workmen's Compensation for a determination upon the proofs i.e. did Jones die from causes unrelated to his compensable accident so as to entitle her to the balance of the payments under R.S. 34:15-12(e) or was his death causally related to his compensable accident and in which event she would become entitled to dependency benefits as provided by R.S. 34:15-13."
*420 In the case of Hattersley v. Bissett, 51 N.J. Eq. 597 (1893), the Court of Errors and Appeals adopted the definition of "election" set down by Mr. Justice Story, who defined "election" as "the obligation imposed upon a party to choose between two inconsistent rights or claims, in cases where there is a clear intention of the person from whom he derives one that he should not enjoy both." 2 Story Eq. Jur. § 1075. The court further stated the purpose of this doctrine of election to be the protection of the person who gives the benefit from any fraud, in that he may be required to compensate the same individual twice where only one payment is rightfully due.
A review of the record reveals no facts or circumstances from which an election by the widow could reasonably be inferred. There is an absence of any evidence that she was aware of any choice when she accepted the check of July 11, 1961. Furthermore, there is no indication that the carrier clearly intended the acceptance of its check to constitute a bar to a future recovery of death benefits. It is also noteworthy that the purpose of the election rule is not frustrated, since the amount of the balance paid was deducted from the final award for death benefits in the Workmen's Compensation Division. It would be both unreasonable and unrealistic for this court, based on the facts presented, to infer that a widow, if properly informed of her right to $1,382 or $14,000, would accept the lesser sum to the exclusion of her right to the larger.
It has frequently been held in the field of workmen's compensation that the statute must be liberally construed to serve its humane purpose and to avoid harsh results. Panchak v. Simmons Co., 15 N.J. 13 (1954). To find an election under the particular facts and circumstances surrounding the payment of $1,382 would defeat the sympathetic furtherance of the high objectives of the Compensation Act and elemental fairness to employees and their dependents. See Panchak, supra.
For the reasons expressed herein the judgment of the Division of Workmen's Compensation is affirmed.