104 N.J. Super. 1 (1968)
248 A.2d 280
MARY EVELYN ROBERTS, PETITIONER-RESPONDENT,
v.
ALL AMERICAN ENGINEERING CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 12, 1968.
Decided December 10, 1968.
*3 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. William G. Freeman argued the cause for respondent-appellant (Messrs. Freeman and Freeman, attorneys).
Mr. Charles J. Casale, Jr. argued the cause for petitioner-respondent (Messrs. Pellettieri and Rabstein, attorneys).
*4 The opinion of the court was delivered by LEONARD, J.A.D.
In this workmen's compensation case All American Engineering Co. (hereinafter employer) appeals from an adverse judgment entered against it by the Ocean County Court. This judgment affirmed a determination of the Division which awarded death benefits to petitioner and her children upon petitioner's dependency claim petition.
Petitioner's husband (hereinafter employee), now deceased, had been employed by the employer for a considerable period of time up until December 10, 1957. It is not disputed that while so employed he contracted a seriously disabling occupational disease, retrobular neuritis and polyneuritis, by reason of his constant exposure to massive inhalations of ethylene glycol. This disease totally and permanently disabled him and ultimately caused his death on June 16, 1966.
On April 4, 1958 the employee filed an original compensation petition, and on March 20, 1962 an amended petition for increased disability payments. Judgment was entered in the Division on July 31, 1962, based upon a finding of total and permanent disability, in the sum of $18,000, which represented 450 weeks at $40 per week running through September 6, 1966.
In addition to the compensation claim, the employee, as sole plaintiff, on December 23, 1958 also filed a third-party tort action in the United States District Court against Union Carbide Corporation, the company that manufactured the ethylene glycol. On May 26, 1961 a judgment was entered in that action in favor of plaintiff in the sum of $210,000, and that judgment was affirmed by the Third Circuit Court of Appeals on April 18, 1963.
The Insurance Company of North America, the compensation carrier for the employer was permitted to intervene in the third-party tort action in order to preserve its right of subrogation under N.J.S.A. 34:15-40, and its attorneys associated themselves as "of counsel" with plaintiff's counsel therein.
*5 Following the affirmance of the judgment in the third-party tort action, the liability insurance carrier for Union Carbide, on July 2, 1963, issued its draft in payment thereof in the sum of $237,883.98. From that sum the Insurance Company of North America first received its actual trial expenses. Then it was reimbursed for the total amount of compensation payments made to the employee as of June 18, 1963, less the statutory one-third counsel fee on the entire amount of its liability. After the deduction of these items, other miscellaneous trial costs and the attorney's fee of the employee's personal counsel, the employee received on July 25, 1963 the net sum of $105,450.89. Thereafter no further compensation payments were made to the employee by the employer or its carrier.
On December 6, 1966 petitioner filed a dependency claim petition on her own behalf as a widow and on behalf of their three children. In answer thereto, the employer asserted, among other things, that under the circumstances here present, and pursuant to N.J.S.A. 34:15-40, it was completely and fully discharged from all liability for any additional compensation payments. It pointed out that the total amount of its liability under the original compensation judgment, plus the amount that could be legally awarded on the dependency claim, was considerably less than the third-party recovery. The Division determined that the employer was "not entitled to any credit whatsoever for any monies received by decedent during his lifetime from the judgment against the third party" as a set-off against petitioner's dependency claim and accordingly awarded petitioner on her own behalf and on behalf of the children the total sum of $18,830.40. The County Court reached the same conclusion and affirmed the judgment of the Division.
The employer now first contends, as it did below, that pursuant to N.J.S.A. 34:15-40 the "Employer's Insurance Carrier is entitled to be released of all of its liability for compensation where the third-party recovery [regardless of the *6 fact that it was by the employee alone and not his dependents] exceeds all of its liability for compensation under the statute either to the injured employee and/or to his dependents in case of death." In support of this contention appellant points to the uncontradicted fact that the employee recovered the net sum of $105,450.89 from his third-party tort action, which is substantially greater than the total of the sum awarded to him as compensation for total and permanent injuries ($18,000) and the sum awarded to his widow and children for compensation dependency death payments ($18,830.40). Thus, it argues that N.J.S.A. 34:15-40(b) bars the widow and children from recovering the sums so allowed to them by the trial court.
Petitioner, on the other hand, asserts that a proper construction of the statute, in the light of the overall purposes of the act, is to subrogate the employer to third-party tort recovery by the employee himself only with respect to compensation awards made to the employee himself, and that there is no subrogation in respect to dependency compensation awards other than as against recovery in wrongful death actions brought by the employee's dependents against the third person.
N.J.S.A. 34:15-40 in its pertinent parts reads as follows:
"* * * In the event that the employee or his dependents shall recover and be paid from the said third person or his insurance carrier, any sum in release or in judgment on account of his or its liability to the injured employee or his dependents, the liability of the employer under this statute thereupon shall be only such as is hereinafter in this section provided.

* * * * * * * *
(b) If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents. * * *."
*7 The pertinent language of N.J.S.A. 34:15-40 does not compel the result urged by appellant. As to the specific problem here raised, the statutory expression is ambiguous. Therefore, we must look to the spirit, object and purposes of the act as a whole and not merely to the letter of the particular section under construction. Giordano v. City Commission of Newark, 2 N.J. 585, 594 (1949).
Preliminarily, we first consider the relationship of the sum awarded to the employee during his lifetime for his permanent and temporary disability and the sum awarded to the widow and children upon their dependency claim petition. Under our Workmen's Compensation Act, when an injury or disability is caused to an employee by accident or disease arising out of and in the course of his employment, the employee is entitled to compensation for temporary and permanent disability in accordance with the schedule of payments set forth in N.J.S.A. 34:15-12. If death results from the accident or occupational disease, the employee's dependents (widow and children) are entitled to compensation benefits as provided in N.J.S.A. 34:15-13. The rights of these dependents to compensation are independent and separate rights flowing to them from the act itself. They are not rights to which they succeed as the representatives of the deceased husband and father. Eckert v. New Jersey State Highway Department, 1 N.J. 474, 480 (1949). These new rights accrue at the time of the employee's death. McAllister v. Board of Education, Town of Kearny, 42 N.J. 56, 59-60 (1964).
Keeping in mind the distinct independence of the respective types of claim, we return to a consideration of N.J.S.A. 34:15-40. Prior to the enactment of this section "the employee or his dependents had (1) a right of action for compensation under the statute, and (2) an action in tort against the third-party wrongdoer, and the amendments to the statute were made to meet a mischief where an injured employee could retain both the compensation payments and full damages from his common-law right of action against a *8 third party." New Amsterdam Casualty Co. v. Popovich, 18 N.J. 218, 225-226 (1955) (emphasis added). The amendments gave the employer or its insurance carrier a right to reimbursement for compensation paid by them to the injured employee or his surviving dependents from any sums which might be recovered from the third-party tort-feasor liable for the employee's injuries or resultant death. This right to reimbursement from such third-party recovery is derived from the employer's (or his insurance carrier's) "statutory subrogation" under N.J.S.A. 34:15-40. United States Casualty Co. v. Hercules Powder Co., 4 N.J. 157, 166 (1950).
Under our compensation law the employer was obligated only to the employee for temporary and permanent disability payments. It was not obligated to the wife and children for any such payments. The July 31, 1962 compensation award was payable solely to the employee. Upon payment of this obligation the employer was entitled to be subrogated to all of the rights that the employee had against the third-party tortfeasor who caused these disabilities. Thus, when the employee recovered a judgment against the third-party tortfeasor, the employer, pursuant to N.J.S.A. 34:15-40, was entitled to be reimbursed out of that sum for the compensation payments it had made to the employee. The balance then remaining was the employee's to do with as he desired. He could dispose of it all before he died. His wife and children had no legal claim thereto. Indeed, the record is barren of any proof that petitioner or the children received any part thereof.
Following the employee's death, the employer, pursuant to N.J.S.A. 34:15-13, independently and separately from its obligation to the employee became obligated to the widow and children for dependency payments. Upon payment of this obligation the employer would be subrogated to the rights of the widow and children to assert a claim against the third-party tortfeasor under the Death Act. In fact, such a suit *9 has been filed, and petitioner concedes that if plaintiffs are successful therein and recover any money, the employer will be entitled to reimbursement therefrom up to the amount of the dependency payments. However, this is the limit of the employer's right of reimbursement. Since the widow and children had no legal rights in the fund created by the employee's third-party action, the employer has no right to be subrogated to any part of this fund by way of reimbursement therefrom for any dependency payments made to the widow and children. Cf. Ganger v. Moffett, 8 N.J. 73, 79 (1951); Guarantee Co. of North America v. Tandy & Allen Const. Co., 76 N.J. Super. 274, 278 (App. Div. 1962). Therefore, under the circumstances here present, we conclude that N.J.S.A. 34:15-40(b) does not release the employer or its insurance carrier from liability to the petitioner and her children for the dependency payments awarded to them by the trial court.
This result does not effectuate "a double recovery." Rather, it equitably carries out the purpose of N.J.S.A. 34:15-40 by "marshaling the rights and responsibilities of the several parties concerned in compensation payments where, in the course of his employment, injury or death comes to a workman as a result of the fault of a third party. * * *" United States Casualty Co. v. Hercules Powder Co., supra, 4 N.J., at p. 165. Moreover, this result assures the availability of an unimpaired fund for the relief of the surviving dependents of the employee, an obvious salutary objective of the Workmen's Compensation Act.
In accord is Cresci v. Mike Krasilousky Trucking Co., 5 A.D.2d 569, 172 N.Y.S.2d 322 (App. Div. 1958). In that case the employee suffered a work-connected injury and suffered a second injury five years later which was causally related to the first injury. He died therefrom two days later. Before his death he had received compensation benefits for both injuries, had settled a third-party action and had reimbursed the employer's carrier. After his death his widow *10 and child filed a compensation dependency claim against his employer and its carrier. It appeared that the employee gave his wife a substantial part of the proceeds of his third-party settlement, most of which remained in her bank account at the time of his death. The employer claimed a credit for this remaining sum as against the widow and child's dependency claim. The court, in denying this credit, said:
"The rights of employers and carriers as respects recoveries against third parties are created and defined by section 29 of the Workmen's Compensation Law. We find therein no support for appellants' position. That section treats causes of action for personal injuries and those for death damages as separate remedies, as clearly they are, even when the same wrong gives rise to both (Decedent Estate Law, §§ 119, 120, 130). The subrogatory and other rights conferred by section 29 are there treated as similarly separate and independent, as respects the separate causes of action to which they apply. `Disability compensation and death benefits are distinct from each other and are entirely unrelated. Disability compensation is paid to an injured employee. Death benefits are for a decedent's dependents. Likewise the two causes of action, the one for wrongful death and the other for personal injuries, are separate and distinct. The former is for the loss resulting to the persons pecuniarly damaged by his death; while the latter is for the tortious injury to the person or property of the deceased during his lifetime.'

* * * * * * * *
The damages recovered by decedent were for his personal injuries, including such elements as pain and suffering which are not comprehended in payments by employers and carriers under the Workmen's Compensation Law, and the settlement proceeds remaining after reimbursement of the compensation received were his to do with as he pleased. See Hitt v. Cardillo, 76 U.S. App. D.C. 334, 131 F.2d 233, certiorari denied, 318 U.S. 770, 63 S.Ct. 760, 87 L.Ed. 1140. That some part of the proceeds reached the hands of his dependents, by gift and by inheritance, is of no moment. It may be worthy of remark that appellants claim as a credit against the award only the unexpended proceeds and would thus penalize such dependents as these, who, with decedent, chose to conserve, rather than to dissipate the money's received."
Accord, Schwabacher v. International Salt Company, 272 App. Div. 173, 70 N.Y.S.2d 370 (App. Div. 1947), affirmed 298 N.Y. 726, 83 N.E.2d 140 (Ct. App. 1948); see also, Laird v. State of Vermont Highway Dept., 112 Vt. 67, 20 A.2d 555, 562 (Sup. Ct. 1941).
*11 The employer relies upon Richardson v. United States Fidelity & Guaranty Co., 233 Miss. 375, 102 So.2d 368 (Miss. Sup. Ct. 1958), and Meachem v. New York Central Railroad Company, 7 A.D.2d 253, 182 N.Y.S.2d 501 (App. Div. 1959), reversed on other grounds, 8 N.Y.2d 293, 206 N.Y.S.2d 569, 169 N.E.2d 913 (Ct. App. 1960). Both are inapposite. Richardson did not involve a claim by a dependent for death benefits, and thus the court's statement therein that the carrier was entitled to a credit against a death benefit was merely dictum.
In Meachem the court held that the widow's dependency claim was barred because she violated the New York Compensation Act in settling a third-party death action without the approval of the employee's carrier. The court did not bar the dependency claim because of any previous third-party recovery by the deceased employee.
The employer's position is not strengthened by the fact that its counsel participated in employee's third-party action and that its carrier paid the trial costs and expenses thereof. No doubt but that this activity contributed to the success of the employee in that suit. However, by reason of that success the employer and its carrier were repaid all of their trial expenses and costs, were reimbursed for all of the compensation payments paid to the employee as of that date, and were released from all such future payments.
The employer next contends that petitioner's recovery is barred by the statute of limitations because her petition was not filed within two years after the accident or within two years after the last payment of compensation. Appellant attempts to support this contention by two alternative arguments. It first selects December 10, 1957, the last day that the employee worked for it, as the day upon which the compensable accident occurred. Secondly, it points to the fact that the employee received the proceeds of his third-party tort action on July 25, 1963, and to the fact that petitioner did not file her dependency petition until 2 1/2 years thereafter, *12 to wit, December 6, 1966. We deem this contention to be without merit.
N.J.S.A. 34:15-34 has no reference to the date of the accident. This is the pertinent limitations section applicable to cases involving occupational disease, and not N.J.S.A. 34:15-51 (the general limitations section) cited by appellant. N.J.S.A. 34:15-34 permits a dependency claim in case of death from occupational disease "if filed within two years after the date of last payment to the employee * * *."
However, the two-year period of limitations does not commence to run on the date upon which the employee received the lump sum payment. The award represented 450 weeks at $40 per week, running through September 6, 1966. That is the critical date, representing "date of last payment to the employee." King v. Western Electric Co., 122 N.J.L. 442 (Sup. Ct. 1939), affirmed 124 N.J.L. 129 (E. & A. 1940); Hercules Powder Co. v. Nieratko, 113 N.J.L. 195 (Sup. Ct. 1934), affirmed 114 N.J.L. 254 (E. & A. 1935); Lazzio v. Primo Silk Co., 114 N.J.L. 450 (Sup. Ct. 1935), affirmed 115 N.J.L. 506 (E. & A. 1935). Since the petitioner's dependency petition was filed within two years of the maturity date, it was filed within the time prescribed in N.J.S.A. 34:15-34.
Oleyar v. Swift & Co., 51 N.J. 470 (1968) is not contrary to the foregoing. There, "More than two years went by after the decedent had suffered his accident without any compensation or any claim therefor," (at p. 471). Here, the employee promptly filed a compensation petition resulting in the July 31, 1962 award for permanent and temporary disability and this award was fully paid on July 25, 1963.
Judgment affirmed.