127 N.J. Super. 93 (1974)
316 A.2d 478
ELOISE BROWN, PETITIONER-APPELLANT,
v.
GENERAL ANILINE AND FILM CORPORATION, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 13, 1974.
Decided February 22, 1974.
*94 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. Otto C. Staubach argued the cause for appellant (Messrs. Weiner, Mirabelli & Glennon, attorneys).
Mr. Anthony J. La Russo argued the cause for respondent (Messrs. Lindabury, McCormick & Estabrook, P.C., attorneys).
The opinion of the court was delivered by HALPERN, P.J.A.D.
This is a workmen's compensation case. Petitioner Eloise Brown, widow of respondent's employee, Raymond L. Brown, appeals from a dismissal of two dependency claims filed on behalf of herself and her 12-year-old child.
The relevant facts are undisputed. On April 21, 1969 decedent suffered a disabling heart attack. On October 23, 1969 he filed two petitions for workmen's compensation contending that (a) he suffered a heart attack on April 21, 1969 which arose out of and during the course of his employment, and (b) as a result of his employment he suffered from an occupational disease which climaxed in a heart attack on April 21, 1969.
At a pro forma hearing before a judge of compensation on September 25, 1970 decedent testified that on the advice of his attorney he was of the opinion he could not prove a compensable accident, and requested a dismissal of his petitions with prejudice against ever reopening his claims. Without *95 taking any proofs, and in reliance on decedent's statement and the representations of counsel, the judge of compensation purported to make a finding that decedent could not sustain his burden of proof and dismissed the petitions.
On the same day the petitions were dismissed respondent paid decedent $20,000 and obtained a release from him wherein he again, in effect, reiterated that he could not prove a compensable claim, and agreed never to appeal from the judgment dismissing his petitions for workmen's compensation. It was after he died on February 4, 1971 that the present dependency petitions were filed.
The present dependency petitions were based upon the same factual allegations made by decedent in his petitions. In addition, they alleged that decedent's death was causally related to the heart attack suffered on April 21, 1969. The petitions were dismissed by the judge of compensation upon the theory advanced by respondent that she was collaterally estopped from relitigating decedent's claim which had been dismissed with prejudice because a compensable claim had not been proven. In addition, he held that the release given by decedent effectively barred the instant claims. In so doing he erred.
The recital of the undisputed facts leaves no room for doubt that decedent settled his claims against respondent for $20,000 regardless of the form it took or whatever nomenclature the parties placed upon it. We are satisfied it was done in the manner described in an attempt to barter away decedent's statutory rights, as well as those of petitioner and her child from making future dependency claims.
It is significant that no testimony, factual or medical, was adduced at decedent's hearing with respect to his claims. Since it was obviously not a hearing on the merits, it was contrary to public policy and was a clear violation of N.J.S.A. 34:15-22 which proscribes this type of settlement. Bisonic v. Halsey Packard, Inc., 58 N.J. Super. 166 (Law Div. 1959), aff'd 62 N.J. Super. 365 (App. Div. 1960); *96 Smith v. Klemm, 118 N.J.L. 471, 475-476 (Sup. Ct. 1937).
Petitioner and her child have separate and distinct statutory causes of action against respondent if they are able to prove their dependency, and that decedent's death on February 4, 1971 was causally related to his heart attack of April 21, 1969. N.J.S.A. 34:15-13. This cause of action accrues on decedent's death, and is in no way derived through decedent. Roberts v. All American Engineering Co., 104 N.J. Super. 1, 7 (App. Div. 1968), certif. den. 53 N.J. 351 (1969); McAllister v. Bd. of Education, Town of Kearny, 42 N.J. 56, 59-60 (1964); Eckert v. N.J. State Highway Dept., 1 N.J. 474, 480 (1949). The dependency claims must rise or fall on their own merits, and nothing that the decedent does, or attempts to do during his lifetime, can deprive dependents of their statutory benefits. This principle is clearly enunciated by Professor Arthur Larson in his treatise 2 Larson, The Law of Workmen's Compensation (1970), § 64.10 at 134.37 to 134.44,
The dependent's right to death benefits is created directly by statute; it is not derived from the rights of the deceased employee. This principle leads to several conclusions of practical importance.
The settlement, compromise, or release by the deceased of his rights under the Act cannot bar the statutory rights of his dependents, since they are independently created by statute.
The most striking consequence of the independent status of dependency rights is the rule, accepted by the majority of jurisdictions, that an adverse decision on the merits of a claim by the employee while he was alive does not bar a dependency claim under the doctrine of res adjudicata, since the parties and rights involved are different, and since the dependent is not in privity with the injured employee as to the rights asserted by him. [Emphasis added]
See also, 8 Schneider, Workmen's Compensation (1951), § 1885 at 664-666.
The judgment below is reversed and the matter remanded for a plenary hearing on the merits.