JOAN SARISKY, PETITIONER–RESPONDENT, v. E.R. SQUIBB AND SONS, INC., RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 2, 1989—Decided June 8, 1989.

Before Judges PRESSLER, O'BRIEN and STERN.

*Thiele & Hermes,* attorneys for respondent-appellant (*Richard H. Thiele,* on the brief).

*Wysoker, Glassner, Weingartner & Goldblatt,* attorneys for petitioner-respondent (*Allan L. Lockspeiser,* on the brief).

The opinion of the court was delivered by

STERN, J.A.D.

This appeal requires us to decide whether a widow who has received worker's compensation death dependency benefits for 450 weeks is entitled to continuation benefits for the two months each year during which she does not work as a teacher.

*N.J.S.A.* 34:15–13(j) provides in relevant part:

compensation shall be paid, in the case of a surviving spouse, during the entire period of survivorship or until such surviving spouse shall remarry except that any earnings from employment by the surviving spouse after 450 weeks of compensation have been paid shall be deducted from the compensation thereafter payable to said spouse....

Judge Andrew A. Valeriani, Jr., in the Division of Workers Compensation, determined that the petitioner was entitled to the continuing dependency benefits for the two months during which she was not employed and not working each summer, and we affirm substantially for the reasons expressed in his oral opinion of July 1, 1988.

The facts are not in dispute. As Judge Valeriani stated:

The Petitioner is the widow of Edward Sarisky who died January 11, 1974. On May 22, 1981 Judgment was entered awarding dependency benefits to the Petitioner and three infant children at the then maximum amount of $112 per week. The youngest child, Stephanie, attained age 18 on December 18 of 1984 leaving the Petitioner, Mrs. Sarisky, as the only eligible dependent. As of December 28 of 1984, 572 weeks of compensation had been paid to the Petitioner and the three children which would exceed her individual entitlement of 450 weeks pursuant to N.J.S.A. 34:15–13(j) [1]....

* * * * * * * *

---

[1] *N.J.S.A.* 34:15–13(j) also provides that "... if at the expiration of 450 weeks there shall be one or more dependents under 18 years of age compensation shall be continued for such dependents until they reach 18 years of age at the schedule provided under paragraphs a. to e. of this section."

Petitioner is employed by the Columbia–Montour area Vocational Technical School earning a salary of approximately $27,562 per year which would offset any dependency benefit entitlement.

Judge Valeriani found, based on substantial evidence in the record, that petitioner, who has no other employment, "is employed on a ten month basis" and that she is "a ten month employee". In making his determination the judge implied, and we agree, that the individual circumstances and employment agreement control and that not all teachers are to be similarly treated. Here, a reading of the portions of the "Collective Bargaining Agreement" and attached salary schedule and a letter from the Business Manager of the Columbia–Montour Area Vocational–Technical School in the record indicate that petitioner is employed as a "ten month science teacher." Different employees in the same school are treated differently. However, the collective negotiations agreement does not appear to give petitioner any choice as to whether she could elect to serve as a "ten month" or "twelve month" employee. Hence we find sufficient credible evidence in the record to support the judge's critical factual determination that petitioner "is a ten month employee." [2]

The employer contends that "for purposes of computing extended dependency benefits, the deduction for 'earnings from employment by the surviving spouse after 450 weeks of compensation have been paid,' should be based on the annual earnings of a full-time teacher, whether she is treated as a ten,

[2] *N.J.S.A.* 34:15–13(j) requires the deduction from compensation of any "earnings from employment" by the surviving spouse after 450 weeks of compensation, and the judge of compensation concluded that "[t]he essence of statutory Workers' Compensation scheme is to provide weekly compensation in lieu of wages to disabled employees or deceased employees' dependents," and that, as used in the Workers' Compensation Act, "wages and earnings are synonymous." It is undisputed that petitioner does not work in the summers and has no earned income when not working for the school district. She certified "I do not work during the months of July and August" and "I do not have another job during those months." As the issue is not specifically raised, it is not necessary for us to address in this case whether the word "earnings" may include fringe benefits, such as insurance protection and health care.

eleven, or twelve month employee." However, compensation payments, whether partial or total disability or dependency benefits, are paid on a weekly basis. *See N.J.S.A.* 34:15–12(a), (b), (c); 34:15–13. Further, *N.J.S.A.* 34:15–25, regarding the commutation of an award, provides in part that the intention of Chapter 15 of Title 34 is "that compensation payments are in lieu of wages, and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid." *See also N.J.S.A.* 34:15–37 (computation of wages). Moreover, *N.J.S.A.* 43:21–4 clearly provides that unemployment compensation benefits will not be paid to certain persons employed in education for customary vacation periods or holidays in certain circumstances including where the individual performs services immediately before and where "there is a reasonable assurance that such individual will perform such services in the period immediately following such [vacation] period or holiday recess...." *N.J.S.A.* 43:21–4(g)(3). *See generally, N.J.S.A.* 43:21–4.[3] Hence, where the Legislature has intended not to provide benefits to teachers during vacation periods, it has expressly done so. *Cf. Roberts v. All American Engineering Co.,* 104 *N.J. Super.* 1 (App.Div.1968).

There is no challenge to the judge's determination that "petitioner is not entitled to continuing dependency benefits during the ten months she is employed as a school teacher and is receiving wages," and we affirm the determination that she "is entitled to continuing dependency benefits during those weeks when she is not employed as a school teacher" and was not otherwise employed.

Finally, we recognize that there are policy reasons why extended workers compensation benefits should not be paid to an individual on the "unrealistic basis" that he or she is not receiving "earnings from employment" year round. *See* 2

---

[3]The judge of compensation cited *N.J.S.A.* 43:21–4(g)(1) in response to the employer's argument that "analogous social and remedial legislation" would not provide for compensation benefits in these circumstances.

Larson, *The Law of Workmen's Compensation,* § 60.22(a), p. 10–674 (1987). This may be particularly true if the dependent may elect how the compensation is to be paid. However, we perceive the issue before us to involve only legislative intent under the existing statute. The legislature, of course, is the appropriate forum to consider the policy questions.

Affirmed.